MILTON ALDRICH vs. ALPHEUS R. BROWN & another.

After a commissioner has been appointed to take the evidence upon a petition to establish the truth of exceptions disallowed by the judge presiding at a trial, a motion filed before such appointment, to dismiss the petition on the ground that it was not seasonably presented, cannot be entertained.

On an issue between attorney and client of the value of the former's services in a suit in which the latter was plaintiff and which was settled without a trial, the opinion of the counsel of the defendant in such suit that the plaintiff therein had no case is competent evidence.

If by their client's authority attorneys have retained counsel and promised to pay him out of the proceeds of the suit, and he holds them responsible under this agreement, and the proceeds of the suit have come to their hands, it is too late for the client to forbid them to pay the counsel.

An attorney retained in a suit is entitled to a reasonable retainer without any special contract therefor.

CONTRACT for $800 money had and received. The answer alleged that the defendants, who were attorneys at law, received the sum of $2500 in settlement of a suit brought by the plaintiff against the Nashua & Lowell Railroad Corporation, paid $1700 thereof to the plaintiff and retained $800, — $500 for their own fees and disbursements, and $300 for the fees of Theodore H. Sweetser. The defendants also filed a declaration in set-off for said fees and disbursements, the first item of which was $100 for a retainer.

It appeared by the records of the superior court that the case was tried in that court, and a verdict returned for the defendants at December term 1868, to wit, in January 1869; that exceptions were then presented by the plaintiff, and not allowed by the presiding judge, and that the case was continued to March term 1869, when judgment was rendered upon the verdict and execution issued. At January term 1869 the plaintiff presented to this court a petition, under the Gen. Sts. c. 115, § 11, to establish the truth of the exceptions; and the defendants moved to dismiss the petition as presented too late; but the court appointed a commissioner to take the evidence. The defendants at January term 1870 insisted on their motion to dismiss the petition.

D. S. Richardson, for the defendants.

*A. F. L. Norris,* for the plaintiff.

BY THE COURT. This motion cannot be entertained. It must be taken to have been either overruled or waived, when the commissioner was appointed to take the evidence; for if the petition was not regularly before the court, there was nothing here to be referred to a commissioner.

FROM the report of the commissioner, filed at January term 1870, the following facts appeared :

At the trial in the superior court, before *Brigham,* C. J., the plaintiff introduced evidence tending to show that he employed the defendants to bring an action against the said corporation; that subsequently, upon the suggestion of the defendants, Theodore H. Sweetser was employed as counsel, and, upon the negotiation and by the advice of the defendants and Sweetser, the action was settled upon the defendants' receiving $2500 from the corporation; that the defendants paid $1700 to the plaintiff, and retained $500 for themselves and $300 for Sweetser, informing the plaintiff that Sweetser claimed that sum ; and that the plaintiff then forbade the defendants to pay said sum to Sweetser.

The defendants introduced evidence tending to show that they, with the plaintiff's assent, applied to Sweetser, and told him that his compensation must substantially depend upon the result of the case, to which he assented ; that they and Sweetser became of opinion that the action could not be maintained, and negotiated the settlement with the corporation ; that Sweetser informed the defendants that his charge would be $300; and that the defendants agreed to retain that sum for him, and had paid him part thereof.

The defendants called as a witness Josiah G. Abbott, who was of counsel for the corporation in the action; and were allowed, against the plaintiff's objection, to ask him whether, from his preparation of the defence and his knowledge of the plaintiff's case, the action could, in his opinion, have been maintained. The witness testified that his opinion was that the plaintiff had no case and the defendants were not liable, and

that he said so to the corporation, and to the defendants and Sweetser.

The plaintiff asked the judge to instruct the jury that "if the plaintiff forbade the defendants' paying Sweetser the sum of $300, before they paid the same, it was a revocation of their authority to pay; and if they afterwards paid it, or any part of it, such payment could not be set up by them as a set-off or other defence to this action." The judge declined to give the instruction as prayed for, but instructed the jury that "if the plaintiff forbade the payment before it was made, that would be a revocation; but that if the defendants employed Sweetser by authority of the plaintiff, and agreed to pay him out of what should be obtained in the suit, with the plaintiff's assent, and Sweetser held the defendants responsible under this agreement, and the jury should find that Sweetser's services were of the value of $300, then the defendants would have the right to retain that sum, even if it had not been paid over."

The plaintiff also asked the judge to rule that the defendants could not recover in set-off for a retainer, unless there was a special agreement between the parties to pay the same; but the judge refused so to rule.

The jury returned a verdict for the defendants, and the plaintiff filed a bill of exceptions, which was neither allowed nor disallowed.

*A. F. L. Norris*, for the plaintiff.

*D. S. Richardson*, for the defendants, was stopped by the court.

By the Court. 1. In order that the jury might be able to judge correctly of the nature and value of the services of the defendants and of Sweetser, it would be necessary for them to ascertain whether the claim was plain and indisputable, or of a doubtful character. The testimony of an expert as to the nature of the questions involved in it was proper in this point of view.

2. The ruling of the court was correct, that if, by the plaintiff's authority, the defendants retained Sweetser, and agreed to pay him out of what should be obtained in the suit, by the

plaintiff's assent, as stated, and Sweetser held the defendants responsible under this agreement, the money being then in the defendants' hands, it was too late for the plaintiff to revoke the defendants' authority.

3. After the defendants were retained, it was proper for them to charge a reasonable fee for the retainer without any special contract.                                    *Exceptions overruled.*