### FRANCIS A. PERRY *vs.* GEORGE D. LORD.

Evidence that one who had a claim which he intended to prosecute at law sent for an attorney, and employed him to assist him as counsel through the whole case, and that the attorney agreed so to do, and gave him advice several times, will warrant a finding for the attorney in an action by him for a retainer.

CONTRACT by an attorney on an account annexed. The first item was on June 27, 1868, for consultation and professional services, $5.00. The second was on September 18, 1868, for consultation and professional services and retainer, $405.00. The third was on June 2, 1869, for consultation and professional services, $5.00. At the trial in the Superior Court, before *Scudder*, J., the plaintiff testified substantially as follows :

" About June 27, 1868, the defendant sent for me to his house in East Boston. I went and found him in bed. He said he had been injured by being run into by the cars of the Metropolitan Railroad Company, and wanted me to act for him and see what I could do. I was in consultation with him from half past seven to ten o'clock. He said there had been talk about a settlement, and asked me what sum to sue for. I said $20,000. He said he wanted me to attend to the matter and see him through. I agreed to help him through, and he said he wanted me to. He said the treasurer, Boardman, was coming in soon, and he wanted no writ issued at present, as it might anger him. I waited till September 17, when he sent for me again. I went next day. In conversation I told him not to settle for less than $10,000. He said Boardman had been in, and he was going to wait some time and talk the matter over, and wanted me to help him through. He said, ' How much will you charge to see me through ? ' I said, ' If it stops this side of the Supreme Court, $400.' He said, ' After Boardman comes in, I will send for you again.' He then

Perry *v.* Lord.

gave me the names of the witnesses and the amount to sue for, and I told him I would do all I could to help him. Afterwards I heard a suit had been commenced by other counsel. He sent for me again, and told me how he was led to employ other counsel. I offered to assist them, and he said it was a good idea; but my further services were refused. His writ against the company was dated October 28, 1868. *Ad damnum*, $25,000. The matter was referred, and he recovered $13,500. After I heard he had received his money, I made demand for a settlement, and was referred by letter to the counsel, who declined to settle with me, and I have received nothing. The defendant owes me $415 for retainer and services. The defendant agreed to pay me $400 for doing the whole work."

The plaintiff produced his books of original entry, containing his charges against the defendant as follows: "1868, June 27, consultation, $5.00; 1868, September 18, consultation, $5.00; 1868, September 18, retainer, $400.00; 1869, June 2, consultation, $5.00." To the correctness of which he made oath, and testified that the charge of retainer was made at the time it bore date.

The defendant introduced evidence tending to contradict the plaintiff's evidence.

The judge found that the plaintiff was retained by the defendant to prosecute his claim against the Metropolitan Railroad Company, and that he was entitled to charge a retainer therefor; that a reasonable and proper charge as a retainer in the case was $200; that the plaintiff was entitled to charge for three consultations with the defendant $5.00 each, and that he was entitled to interest; and accordingly found for the plaintiff for $237.00 damages.

The judge, by consent of parties, reported the case for the consideration of this court. If on the above statements there was sufficient to sustain the verdict, judgment to be entered thereon; otherwise a new trial to be ordered.

*L. M. Child*, for the defendant.

*J. F. Pickering*, for the plaintiff.

CHAPMAN, C. J. Trial by jury having been waived, the court found for the plaintiff for a retainer, three consultations and interest, and reported the case on the question whether the statements in the report are sufficient to authorize the finding. They would authorize the judge to find that the defendant had a claim which he intended to prosecute at law until he should obtain it; that he repeatedly sent for the plaintiff, procured him to visit him at his house, and employed him to assist him as counsel and help him through his whole case, and that the plaintiff agreed to do so, and gave him advice several times. The judge was authorized to find that this was a retainer, and that he gave the defendant advice on three several occasions. The finding was therefore authorized, the time not differing materially from that alleged.

*Judgment for the plaintiff.*