EDWARD H. PIERCE *vs.* SAMUEL PARKER & others.

Suffolk.   Nov. 17. — Dec. 9, 1876.   AMES & LORD, JJ., absent.

An attorney at law, under a charge of commissions on money collected, may recover a fair compensation for services rendered, not included in his specific charges, although the client personally makes the collection ; and the time of making such charge is immaterial.

MORTON, J.   This is an action of contract, brought by an attorney at law, to recover for his services and disbursements in suits brought by the defendants against certain insurance companies.   The only item of the plaintiff's account which was disputed was the fifty-fourth item, being a charge of $350 for commissions on the amount collected of the insurance companies. It appeared at the trial that the defendants personally collected this amount of the insurance companies, and that it did not pass through the hands of the plaintiff, and that the charge of $350 for commissions was made by the plaintiff after the money was thus collected.

In regard to this item, the defendants requested the court to instruct the jury " that the plaintiff could not recover any sum upon this item in the account annexed, because the relation of counsel and client had been terminated before the charge was made, and because the collection was not made in fact by the plaintiff."   The court rightly refused to give this instruction. The question whether the plaintiff was entitled to recover the whole or any part of this item does not depend upon the time when he made the charge in his books, nor upon the fact that the collection was not made by him.

In the case of an attorney at law, or other agent, acting for his principal in complicated affairs, it is manifestly inconvenient, if not impracticable, for the agent to make a specific charge for every item of service rendered by him for his principal.   Although he makes specific charges for the more prominent and important services rendered by him, yet if, in the course of his agency, he performs other services not included in such charges, it is not unreasonable nor unjust that he should recover for such other services by a charge for commissions, or in some other

general form, if his labors result in the collection of money by his principal.

In a case like the one at bar, an attorney at law cannot charge a commission as a fixed and arbitrary standard of compensation, but under such a charge he may recover a fair compensation for services rendered which have not been included in specific charges made by him. The time when he makes his charge is immaterial, and the fact that the client personally receives the money collected cannot deprive the attorney of his right to a reasonable compensation for all his services rendered while the agency continued.

The rulings of the court at the trial were in accordance with these principles, and were correct. *Exceptions overruled.*

*A. Russ*, for the defendants.

*W. Gaston*, for the plaintiff.