WILLIAM H. McLELLAN *vs*. AXEL HAYFORD.

Waldo.    Opinion    July 1, 1881.

*Attorney at law.    Retainer fee.    Usage.*

The proper scope and application of the right to charge retainers, is to remunerate counsel for being deprived, by being retained by one party, of the opportunity of rendering services for and receiving pay from the other.

There is no such general usage or custom among lawyers in this State, to charge retainers in all contested cases in which they are employed, as to justify an instruction to the jury as a matter of law, that in contested cases and for reasonable amounts such fees were a legal charge in each case in which he was engaged.    And such an instruction, in an action by an attorney at law, for services and disbursements in behalf of a client, is erroneous, when the account sued embraces besides the charges of retainers in each contested case other charges covering all the services actually performed, and disbursements made in behalf of his client.

ON EXCEPTIONS.

ASSUMPSIT on account annexed and for labor and services done and performed, and money paid and expended.

Writ was dated October 6, 1877.

Among the items in the plaintiff's bill of particulars were the following :

January, 1873.    "To retainer to prevent Godfrey engaging me in matter of Willson, Tennant and Company.    I make a charge of this, although it was paid to me by Mr. Hayford, because he has filed the amount in his account in set-off,                                                                                                 $50.00"

September, 1873.    "To retainer in action of Willson, Tennant and Company in U. S. court, commenced by Bradbury,                                                                                 50.00"

October, 1874.    "To retainer in action of James Higgins for notes ; action of trover,                                                             25.00"

October, 1875.    "To retainer in action of James Higgins against you on the account hereto annexed, or substantially this account, entered October, 1875,                                                                                                   $100.00"

| | |
|---|---:|
| Numerous other items in same cases, amounting to, | 1028.38 |
| Other charges relating to other matters, | 112.99 |
| | $1366.27 |
| Numerous credits amounting to, | 393.14 |
| Balance claimed by the plaintiff, | $973.13 |

Verdict was for $909.78.

The instruction to which exceptions were taken is stated in the opinion.

*Fogler and McLellan,* for the plaintiff.

"After the defendants were retained, it was proper for them to charge a reasonable fee for the retainer without any special contract." 103 Mass. page 527. In *Perry* v. *Lord,* the court allowed $200 retainer. 111 Mass. 504. See also, *Pierce* v. *Parker,* and others, 121 Mass. 403.

"Retainers are uniformly and universally charged, and the same may be recovered under the common counts." *Eggleston et al.* v. *Boardman,* vol. 5, of the Reporter, page 724. This case was determined in the Supreme Court of Michigan, June term, 1877. We presume it is in the thirty-seventh vol. of Michigan reports. In neither of these cases was proof of usage or custom required.

If the instructions of the court to the jury were wrong, then why not let the plaintiff have the verdict less the retainers allowed by reason of the wrong instructions.

*J. W. Knowlton,* for the defendant, cited : Story on Contracts, § § 11, 12, 13, 14 ; *Bodfish* v. *Fox,* 23 Maine, 94 ; *Codman* v. *Armstrong,* 28 Maine, 91 ; 1 Kent's Com. § § 20, 22 ; 2 Bouvier's Law Dict. 13 ; 16 Pet. 18 ; *Robinson* v. *Fiske,* 25 Maine, 401 ; *Leach* v. *Perkins,* 17 Maine, 462 ; *Emmons* v. *Lord,* 18 Maine, 35.

BARROWS, J. The question briefly stated, is whether in an action by a counselor at law against a client on an account annexed for services and disbursements in a number of suits embracing specific charges for all the services rendered and expenses incurred in minute detail, it is proper for the presiding justice, without proof of any agreement to pay any retainer fees (except

in a single case where one of fifty dollars was paid in advance,) and without proof of any custom or usage among lawyers to charge a retainer fee to their clients, to instruct the jury that "in contested cases and for reasonable amounts, such fees were a legal charge, and that the plaintiff should recover a reasonable sum for retainer fees in each account," leaving it to the jury to say whether the charges were reasonable or not.

The jury must have understood from this, that proof of the employment of the plaintiff as counsel, would of itself as matter of law, raise an implied promise on the part of the defendant, to pay any reasonable sum which the plaintiff might charge as a retaining fee in all the contested cases, besides making compensation for all the services actually·rendered; that *something* was due and recoverable as and for a retaining fee, in addition to the pay for services and disbursements in each contested case, and that the only question for them was, whether the sum charged was a reasonable sum to charge for a retainer. In support of the instructions, the plaintiff relies upon the cases of *Aldrich* v. *Brown,* 103 Mass. 527 ; *Perry* v. *Lord,* 111 Mass. 504 ; *Pierce* v. *Parker,* 121 Mass. 403 ; and *Eggleston* v. *Boardman,* decided by the Supreme Court of Michigan in 1877, and given in the Reporter, vol. 5, p. 724.

But neither of these cases nor all of them combined can be regarded as authority for the instruction here complained of. So far as they have any bearing on the question, the propositions which they respectively sustain are these :

In *Aldrich* v. *Brown,* it is held that no special contract is necessary to entitle an attorney actually retained in a suit, to charge a reasonable retainer. Doubtless, in proper cases, such a contract may be implied.

*Perry* v. *Lord,* is a good brief illustration of the special operation of a retainer, and of the circumstances under which a contract to pay one may properly be implied. The counselor, though consulted and engaged to assist throughout the case, was not again called upon, and had no further claim for services in the matter.

*Pierce* v. *Parker,* only holds that where an attorney performs other services besides those which are made the subject of specific

charges, he is entitled to compensation therefor, by a charge for commissions on the money collected, "or in some other general form," though the money may not have actually gone through his hands.

*Eggleston* v. *Boardman*, simply affirms the doctrine declared in *Aldrich* v. *Brown*, with the additional remark that "retainers are uniformly and universally charged, and may be recovered under the common counts. The remark is doubtless true as touching the usage in Michigan. But we know of no such universal practice in this State, and the exceptions before us, at all events, show that no evidence of any such usage was presented at this trial. Nor do we find that the instruction can be better maintained upon principle than by authority.

The circumstances under which a contract to pay a counselor at law for services rendered and expenses incurred may be inferred, and the character and effect of that contract, do not essentially differ from those which pertain to, and regulate contracts for other professional services, skilled labor of any kind, and, in fact, any kind of service in which the amount of the compensation necessarily depends largely upon the circumstances under which the service is rendered, its nature, and the charges that are usual and customary for like services.

Hence in the absence of a special contract to pay these retainers, the plaintiff must prove enough to show that there was an implied promise on the part of the defendant to pay them. The proper scope and application of the right to charge retainers, is to remunerate counsel for being deprived by being retained for one party, of the opportunity of rendering services for, and receiving pay from the other—not to swell the amount of the bill which accrues for services rendered throughout the progress of the cause, and contains specific charges for them all. The necessity, force and effect of proof of a particular usage, have been so fully discussed in *Bodfish* v. *Fox*, 23 Maine, 90 ; *Codman* v. *Armstrong*, 28 Maine, 91 ; and *Leach* v. *Perkins*, 17 Maine, 462, that they need no further elucidation here.

Referring to these cases for the rules and principles involved, we say that there is no general custom in this State amounting to a rule of law, to be declared by the court, which would author-

ize the presiding judge to pronounce the plaintiff entitled to recover these retainers from the mere fact that he was employed by the defendant to render services in the cases.

In the absence of any evidence tending to establish the existence of a particular usage, with reference to which these parties may be presumed, under the circumstances, to have made their contract, the instruction that such fees were a legal charge, and the plaintiff was entitled to recover a reasonable amount for retainer fees in each account was not correct.

Moreover had there been proof of a usage to charge retainer fees, in addition to liberal specific charges for all services rendered and all expenses incurred in cases where the counselor was not merely retained, but was actually employed in the case throughout, we think it would have been the duty of the presiding judge to declare such a usage to be against natural reason and justice, and not binding upon the defendant.

An examination of the account presented by the plaintiff, shows that besides specific charges for services, (some of which might well be regarded as included in the liberal and punctual charges of term fees in the cases he was engaged in) the plaintiff charged his client with even the minutest items of his personal expenses in attending to the business, such as sixpences for fares in the horse cars and the like.   Such exactness leaves neither occasion nor room for the charges "in some other general form" (like that of retainer fees) spoken of in *Pierce* v. *Parker*, 121 Mass. 403, as designed to cover other services performed by the counsel, besides those which are made the subject of specific charge.   It is suggested at the bar, that plaintiff is willing to cure the error by a *remittitur*.   If he remits an amount equal to all the sums which stand charged in his account for unpaid retainers, there will be no occasion to send the case to a new trial.   The only error alleged will then have become harmless, and the exceptions may be overruled.

Unless he so remits within a reasonable time,

*Exceptions sustained.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.

SYMONDS, J. dissented.