# CHARLESTON.

WATTS *el al. v.* WEST VIRGINIA SOUTHERN RAILROAD COMPANY.

Decided November 17, 1900.

1. ATTORNEYS—*Action for Services—Declaration.*

   Where a law firm has been employed as general counsel for a corporation, and served it in that capacity, and brings an action of *assumpsit*, the declaration containing the common counts, and also the following averment: "And also in the further sum of two thousand five hundred dollars for legal work and services done and rendered to said defendant during the years of 1895, 1896, and 1897 by said plaintiffs;" and said plaintiffs also file with their declaration a bill of particulars, charging the defendant with legal services as general counsel from July 7, 1895, to March 7, 1897, at one thousand five hundred dollars per year, two thousand five hundred dollars—under this state of pleading the plaintiffs can recover what they can show their services were reasonably worth, notwithstanding one of said law firm was a director of said corporation at the time the service was rendered. (p. 264).

2. CONTRACT—*Compensation—How Recovered.*

   In the absence of an express contract, such attorneys were entitled to recover reasonable compensation as general counsel during the period mentioned in said bill of particulars, without itemizing the services rendered at different times. (p. 265).

Error to Circuit Court, Kanawha County.

Action by Watts & Ashby against the West Virginia Southern

Railroad Company.   Judgment for plaintiffs, and defendant brings error.

*Affirmed by divided court.*

FLOURNOY, PRICE & SMITH and RUSSELL G. QUARRIER, for plaintiff in error.

CHILTON, MACCORKLE & CHILTON, for defendant in error.

ENGLISH, JUDGE:

This was an action of trespass on the case in *assumpsit* brought by C. C. Watts and W. L. Ashby, partners under the firm name of Watts & Ashby, against the West Virginia Southern Railroad Company in the circuit court of Kanawha County, to recover the sum of two thousand five hundred dollars due them for legal services as general counsel for the defendant from July 7, 1895, to March 7, 1897, at one thousand five hundred dollars per year.   On April 1, 1899, an opinion in this case was handed down in which I concurred.   On petition of the plaintiffs a rehearing was granted, and a re-argument therein was heard. After carefully considering the arguments submitted, I have reached a different conclusion from the one formerly announced, as before stated.

The sole question presented by the record is, whether the plaintiffs were entitled to recover in the action without itemizing their account, either in the declaration, or in a bill of particulars filed therein showing the kind and character of the services rendered.

In addition to the common counts in this case the plaintiffs aver that the defendant was indebted to the plaintiffs in the further sum of two thousand five hundred dollars for legal work and services done and rendered to said defendant during the years 1895, 1896 and 1897, by said plaintiffs, and also filed with their declaration the folowing account, or bill of particulars:

"West Virginia Southern Railway Company, a corporation,
                In Account with Watts & Ashby, Dr.,
to legal services as general counsel from July 7, 1895, to March 7, 1897, at one thousand five hundred dollars per year, two thousand five hundred dollars."

It is true that section 11, chapter 125 of the Code, provides that, "In every action of *assumpsit* the plaintiff shall file with his declaration an account stating distinctly the several items of

his claim, unless it be plainly described in the declaration, and if he fail to do so he shall not be permitted to prove any item not stated in such account, on the trial of the case."

Were the plaintiffs precluded from proving their claim under this section?

Their claim consisted of but one item, and that was plainly described, both in the declaration and the account filed therewith. It appears from the testimony that the plaintiffs kept no account against defendant of the various items of service rendered; that they were regarded as general counsel, acting as such from the time of its organization, rendering legal services from time to time; that they were spoken to before the organization of the company by Mr. Herndon, afterwards president of the company, and told by him that they were wanted as attorneys for the company; and that their legal services were accepted during the entire period mentioned in the account. An objection was interposed by counsel for the defendant to the witness. Ashby testifying in reference to any particular items of services rendered by the plaintiffs as attorneys for defendant, on the ground that the bill of particulars did not set out or contain such items; which objection was overruled. This witness afterwards stated that plaintiffs' services were reasonably worth one thousand five hundred dollars for that time, and described the character of the services as follows:

"In consulting with them frequently; in seeing parties in regard to rights of way; securing rights of way; looking into the titles of lands through which they went; instituting condemnation proceedings; and being at all times subject to their orders, and consulted by them whenever they desired their services; and that they did not keep any regular account against the defendant."

Now this testimony only describes the kind of services rendered and proves the value of no item of it, but must be regarded as legitimate testimony, as it shows the character of such services, which were rendered from time to time, and that they were accepted by the defendant.

This witness also stated that there was no express contract between plaintiffs and defendant as to the amount they were to receive.

Section 13, of chapter 120 of the Code provides that, "an attorney shall be entitled for his services as such to such sums as

he may contract for with the party for whom the service is rendered and in the absence of such contract he may recover of such party what his services were reasonably worth." It is apparent that the plaintiffs in this case never intended or expected to charge the defendant with their legal services by separate items, and for that reason kept no account of what they did from time to time, but merely worked on as general counsel expecting to be paid a reasonable price; and in the absence of any special contract, by our statute they were entitled to recover on the *quantum meruit.* Their services continued for a year and eight months. Testimony was adduced as to what the plaintiffs' services were reasonably worth, and the court in lieu of a jury, found a verdict in favor of the plaintiffs for five hundred dollars.

Can we doubt that the defendant accepted and availed itself of the plaintiffs' services? The weight of the testimony showed that it did, and it cannot avoid the liability for those services on the ground that there was no express contract. In *Fore* v. *Chandler,* 24 Texas 146, it was held that: "if a party by his acts induce an attorney reasonably to suppose that his services are desired, and avail himself of them without objection, the law implies a promise on his part to pay the attorney what such services are reasonably worth." It occurs to me that it would be impracticable for an attorney who is general counsel of a corporation, and precluded from taking fees against it, to keep an itemized account of the services rendered such client. Where a corporation feels authorized to call on its attorney at any and all times for legal advice, to guide and protect it in its complicated business affairs, we can well see how difficult it would be to place an estimate on each item of service, and for this reason, attorneys who are thus retained should be allowed to make a general charge for such general service, and in the absence of any express contract, to recover what such services are reasonably worth.

In the case of *Pierce* y. *Parker,* 121 Mass. 403, it is held that: "In the case of an attorney at law or other agent, acting for his principal in complicated affairs it is manifestly inconvenient if not impracticable for .the agent to make a specific charge for every item of service rendered by him for his principal. Although he makes specific charges for the more prominent and important services rendered by him, yet if in the course of his

agency he perform other services not included in such charges, it is not unreasonable or unjust that he should recover for such other services by a charge for commissions or in some other general form." That is precisely what the plaintiffs seek to do in this case. They were unable to make specific charges of the various items, and they make the general charge for services rendered as general counsel from one date to another, and show by testimony what such services were reasonably worth, and in my view they have a right to recover on the *quantum meruit.*

The defendant's counsel seek to defeat the claim of plaintiffs on the ground that Watts of the firm, was a director of the defendant company at the time said legal services were rendered. This defence should not be sustained where the services for which the compensation is claimed is not within the line and scope of his duty as such director. In *Rogers* v. *Hastings,* 22 Minn. 25, the plaintiff who was secretary of the Dakota R. R. Co. brought an action to recover compensation for services he claimed to have rendered to defendant as its secretary, its land commissioner, and as its attorney and legal adviser. For a period of four years he, without any formal appointment by resolution, but with the knowledge and assent, and at the request of the president and directors of defendant, acted as its land commissioner, as well as its attorney and legal adviser, and in both capacities rendered services to defendant: *Held,* (1), That defendant is liable upon an implied *assumpsit* to pay the reasonable value of the services thus rendered plaintiff; (2), That the fact that at the time he acted in the capacities above mentioned, plaintiff was a member of defendant's board of directors, does not preclude him from recovery in such capacities, the same being outside of and beyond his duties as director." See Thompson on Corporations vol. 3, sec. 4387, and the authorities there cited.

For these reasons I conclude that the circuit court committed no error in hearing proof upon the state of pleadings shown by the record, as to the amount the plaintiffs were entitled to recover upon the *quantum meruit,* and finding for the plaintiffs what they proved their services were reasonably worth. The judgment is affirmed.                              *Affirmed.*

DENT, JUDGE, concurs.    MCWHORTER, PRESIDENT, and BRANNON, JUDGE, dissent.          *Confirmed by divided court.*