## LAFAYETTE G. BLAIR *vs.* COLUMBIAN FIREPROOFING COMPANY.

Suffolk.   January 15, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Attorney at Law. Evidence. Practice, Civil,* Auditor's report. *Words,* "Retainer."

A payment made to an attorney at law by a client on account of services cannot be treated by the attorney as a retaining fee.

In an action by an attorney at law for compensation for services, upon the question whether certain sums of money sent by the defendant to the plaintiff were paid as retaining fees or on account of services, the fact that the plaintiff received and credited the payments as retaining fees if unknown to the defendant is not evidence against the defendant.

In an action by an attorney at law for compensation for services, upon the question whether certain sums of money sent by the defendant to the plaintiff were paid as retaining fees or on account of services, if an auditor finds that the plaintiff in a letter asked the defendant for $250 "on account," which the defendant paid, a further finding by him that the plaintiff "intended to ask for a retainer and he has so credited it in his accounts" is not evidence that the payment was made by the defendant as a retaining fee.

The rule as to retainers, as distinguished from specified services of attorneys at law, is that upon making an engagement for services the attorney is to be paid

a reasonable compensation for being so bound, and in determining what sum is reasonable the interests of the attorney and those of the client should be considered.

Discussion by KNOWLTON, C. J., of the obligations imposed upon an attorney at law and his client by the payment of a retaining fee.

In an action by an attorney at law for compensation for services, in which the question in dispute is whether certain sums of money sent by the defendant to the plaintiff were paid as retaining fees or on account of services, if it appears that the plaintiff was retained in each case in which he was employed by the defendant but it does not appear that the amounts charged as retaining fees were agreed to by the defendant, the burden is on the plaintiff to prove affirmatively the reasonableness of his charges, and, if the payments were made by the defendant with an understanding warranted by the communications between the parties that they were to be applied on the account for services, they must be so applied.

KNOWLTON, C. J.    This is an action to recover the sum of $1,300 and interest for services as an attorney at law, rendered by the plaintiff to the defendant.    The plaintiff was employed in five different matters, no one of which ever was tried in court.    The questions in the case arise from the fact that he has received from the defendant $1,050, of which $100 was paid at one time and $400 at another time while the first matter in which he was employed was pending, $250 while the second matter was pending, $50 while the third matter was pending, and $250 while the fourth matter was pending, all of which he credited as payments of retainers in the several cases.    The declaration in five counts contains charges for service in these five matters, none of which is carried out in any sum.    The plaintiff made no charges on his books for retainers, nor is there any evidence that there was an express contract between the parties in regard to any retainer.    On February 5, 1904, the plaintiff sent, enclosed in a letter to the defendant, a statement of account as follows: "To retainer and services in the matter of Great Northern Paper Company *vs.* Columbian Fireproofing Company and Boston Bridge Works, Trustee, and Columbian Fireproofing Company *vs.* Great Northern Paper Company $1250.    By cash $500. — $750."    As to the credit in the fourth matter in which the plaintiff was employed, the auditor finds that the plaintiff, in his letter to the defendant, asked for $250 "on account," and adds, " I am satisfied and find that he intended to ask for a retainer and he has so credited it in his accounts."    In each of the cases the payment was not made until a large part of the services had been

rendered. The defendant contended that the several sums were sent as payments on account, and asked the judge for rulings founded on this contention. We think that each of its five requests involved the determination of a matter of fact, and that the judge could not properly give the rulings in the form in which they were asked.

In reference to the matter in controversy the judge instructed the jury as follows : " The jury should estimate what is fair and reasonable compensation to the plaintiff for his legal services set forth in the account annexed to his declaration, and should then deduct the amounts received by the plaintiff from the defendant on account of said legal services, independent of retainers, in order to determine what, if any, the plaintiff should recover."

" There has been some question in relation to the law about retainers. It appears from the evidence that actually the defendant had paid to the plaintiff $1,050. It is claimed now that there is due $1,300. The claim of the plaintiff is that this $1,050 was received and credited as retainers. If it was paid by the defendant as a retainer, and was received by the plaintiff as a retainer, then no deduction is to be made, or no credit is to be made on account of general services." The defendant's counsel called the judge's attention to. the language in the last part of these instructions, and excepted to the instructions given, as well as to the refusal to give the instructions requested. The jury returned a verdict for the plaintiff for the full amount claimed, and the case is before us on the defendant's exceptions.

We discover no evidence in the case to warrant the jury in finding that the defendant paid the entire $1,050 as a retainer, especially when it appears that $250 of it was sent in response to the plaintiff's letter asking for a payment on account, and that at another time the plaintiff sent a statement in writing to the defendant of the first part of his account, in which he gave a general credit of $500, upon a general charge of $1,250 for a retainer and services. The mere fact that the plaintiff received and credited the several payments as retainers, does not show that the defendant sent them as such. His acts, unknown to the defendant, are not evidence against the defendant. The findings of the auditor in regard to the second payment of $250 are

not evidence that the payment was made by the defendant as and for a retainer.

We fear that the jury decided the case without an adequate understanding of the law in regard to retainers. The word "retainer" has been defined as signifying, "The act of a client by which he engages an attorney or counsellor to manage a cause, either by prosecuting it, when he is plaintiff, or defending it, when he is defendant." A "retaining fee" is "a fee given to counsel on being consulted, in order to insure his future services." Bouvier's Law Dictionary. The principles of law applicable to claims of attorneys for services are not different from those applicable to claims of surveyors, or mechanics, or farmers. The claimants are to receive a reasonable compensation for that which they do or furnish under their contract. No other payment is required or can be enforced. The rule as to retainers, as distinguished from specific services of attorneys at law, is that, upon making an engagement for services, the attorney is to be paid a reasonable compensation for being so bound. In determining what sum is reasonable, the interests of the attorney and those of the client should be considered. The attorney, by his engagement, gives up the possibility of being employed by the adverse party in the very matter to which the retainer relates, and the matter may be of such a kind that he gives up the possibility of being employed by others in other kindred matters in which employment would be adverse to the interest in which he is retained. But this disadvantage, for which he must be compensated, carries with it the advantage, if his retainer is for active service, of having employment, and being paid for what he does. Viewed from the side of the client, the benefit for which he should pay the retainer is the assurance that he will have the services of the man of his choice, and will prevent his adversary from having his services, to the end of the proceedings to which the retainer relates. But this advantage is to be considered in connection with the fact that he will be obliged to pay at a reasonable rate for the service that is rendered. In determining what is a reasonable sum to be charged by an attorney for entering into such a relation, a variety of considerations are pertinent; among them are the ability and reputation of the attorney and the extent of the demand for his

services by others in the community, the probability or improbability of the retainer's interfering with his professional relations with other persons who are, or who are likely to become, his clients, the magnitude and nature of the business for which he is retained, and the probability or improbability of its bringing him large remuneration from the client retaining him.  If his retainer is general, including all business of the client for a stated period, the pertinent considerations are different from those resulting from an-employment for a single case.  As was said by the court in *McLellan* v. *Hayford*, 72 Maine, 410 : "The proper scope and application of the right to charge retainers, is to remunerate counsel for being deprived by being retained for one party, of the opportunity of rendering services for, and receiving pay from the other — not to swell the amount of the bill which accrues for services rendered throughout the progress of the cause, and contains specific charges for them all."

In the present case, if there was an express agreement to pay a retainer, or if there was an engagement for particular service of a kind from which the right to charge a reasonable retainer would be implied, the defendant was legally liable for a retaining fee.  *Aldrich* v. *Brown*, 103 Mass. 527.  *Perry* v. *Lord*, 111 Mass. 504.  See *Carter* v. *Baldwin*, 95 Cal. 475.  In this Commonwealth the right of attorneys to charge a retaining fee, in addition to charges for ordinary services, is not limited to cases of express stipulation for such a payment, as it is in some States.  See *Windett* v. *Union Ins. Co.* 144 U. S. 581 ; *Union Ins. Co.* v. *Windett*, 36 Fed. Rep. 838 ; *McLellan* v. *Hayford*, 72 Maine, 410 ; *Blackman* v. *Webb*, 38 Kans. 668 ; *Clendinen* v. *Black*, 2 Bailey, (S. C.) 488 ; *Orr* v. *Brown*, 69 Fed. Rep. 216.  But payment can be collected for a retainer only to the extent of reasonable compensation for entering into the new relation in the matter to which the engagement relates.

The fact that the plaintiff was retained in each case, found by the auditor, is enough to warrant the plaintiff in making a reasonable charge for a retainer.  But unless it appears that these charges were agreed to by the defendant, the reasonableness of them is open in this action, and must be proved affirmatively by the plaintiff.  If the payments were made by the defendant with an understanding, warranted by the communi-

cations between the parties, that they were to be applied on the account, they must be so applied.

The case was submitted to the jury on the question whether the payments were made by the defendant as payments of retainers, no part of which were to be credited on the account of charges for services, and the reasonableness of the charges for retainers was not considered by the jury. Because as to one of these payments the evidence does not warrant the finding that it was so made, the entry must be,

*Exceptions sustained.*

The case was submitted on briefs at the sitting of the court in January, 1906, and afterwards was submitted on briefs to all the justices.

*R. K. Dickerman,* for the defendant.

*L. G. Blair & J. S. Patton,* for the plaintiff.