# CHARLESTON.

GEORGE A. KELLEY COMPANY *v.* PHIL D. PHILLIPS

(No. C. C. 381)

Submitted September 1, 1926.     Decided September 7, 1926.

JUDGMENT—*Notice of Motion for Judgment is Sufficient, if it Clearly Informs Defendant of Nature and Object of Plaintiff's Claim and Demand; Where Notice of Motion for Judgment is Accompanied by Statement of Account, Made Part Thereof, Items Designated "To Mdse." Are Sufficient, Without Naming Each Particular Article Making up Items Listed (Code, c. 121, § 6, chapter 125, § 11).*

A notice of motion for judgment being an informal proceeding, not governed in all respects by the common-law rules of practice and procedure, is sufficient if it clearly informs the defendant of the nature and object of plaintiff's claim and demand; and where the notice is accompanied by a statement of account between the parties, made a part thereof, items designated "To Mdse." satisfy the requirements of the statute, and it is not necessary to name each particular article making up the items listed.

(Judgments, 34 C. J. § 428.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case certified from Circuit Court, Roane County.

Action by the George A. Kelley Company by notice of motion for judgment against Phil D. Phillips. After sustaining defendant's demurrer to the notice, the trial court certified questions.

*Ruling reversed; demurrer overruled.*

*Grover F. Hedges,* for plaintiff.

MILLER, JUDGE:

Plaintiff instituted this action by notice of motion for judgment, pursuant to the provisions of section 6 of chapter 121 of the Code, the notice reciting that plaintiff would on a certain day, the first day of the January term of the circuit court, move said court for judgment against the defendant for the sum of $1117.72, together with the costs of said action, which recital was followed by the common counts in assumpsit, in the usual form. Appended to the notice and made a part thereof is an itemized list of plaintiff's account against the defendant, together with certain items of credit, leaving a balance due on account of $1117.72. The notice was verified in the manner prescribed by the statute. On the return day named in the notice, the court sustained defendant's demurrer thereto, and has certified to this court the questions arising on the correctness of said ruling.

Counsel for defendant have made no appearance in this court and have filed no brief. Plaintiff's counsel, in his brief filed on the hearing here, asserts that the reasons advanced by the defendant in support of his demurrer were that the common counts in the notice and the bill of particulars filed therewith did not give him sufficient notice of the nature of the claim against him, and that the bill of particulars should have been completely itemized, that is, each particular article represented by the items charged should have been named.

The statement of account made part of the notice gives the dates of the articles purchased and the amount of each purchase, each being described "To Mdse."

Whether the objection to the notice was to its form or its sufficiency as a pleading, our cases hold that: "It is the purpose of a notice, on which to base a motion for judgment, to acquaint the defendant with the grounds, on which he is to be proceeded against; and if it be so plain that the defendant cannot mistake its object, it is sufficient, however wanting it may be in form and technical accuracy." *Board of Education* v. *Parsons,* 22 W. Va. 308. See, also *Anderson* v. *Prince,* 60 W. Va. 557, and cases cited. And such notice is an informal proceeding, not governed in all respects by the com-

mon-law rules of practice and procedure.  *Collins* v. *Fuel Company,* 69 W. Va. 292, and cases there cited.

Our statute, section 11, chapter 125 of the Code, as did the Virginia statute at the time the cases hereinafter referred to were decided, provides that in every action of assumpsit the plaintiff shall file with his declaration an account stating distinctly the several items of his claim, unless it be plainly described in the declaration.  In *Moore* v. *Mauro,* 4 Rand. 488, it was held that a certain item in an account, which was objected to as being too general, gave full notice to the defendant of the character of plaintiff's claim, although on the evidence to the jury it was made up of several articles.  See, further, *Fitch* v. *Leitch,* 11 Leigh 471, and *Watts* v. *Railway Company,* 48 W. Va. 262.

We think the notice sufficient, for it could have gone no further than to name the various articles making up the items listed.  Certainly, no more particularity is required in a notice of motion for judgment than in a bill of particulars filed in an action of assumpsit, in view of the fact that the former is held to be an informal proceeding, not governed by the common-law rules of procedure:  All that is required is that the defendant be informed of the nature of plaintiff's claim and demand, in either case.  Here the defendant could not mistake the object of the notice and motion.

The demurrer should have been overruled.

*Ruling reversed; demurrer overruled.*