C. E. LAWHEAD, *Receiver, etc. v.* AARON J. GARLOW

(CC 473)

Submitted September 20, 1933. Decided October 10, 1933.

*George R. Farmer*, for plaintiff.
*Jesse M. Jaco* and *Clarence Roby*, for defendant.

WOODS, JUDGE:

This motion for judgment was brought by C. E. Lawhead, Receiver of the Bank of The Monongahela Valley, against Aaron J. Garlow, to recover of him his constitutional liability as owner of 17 shares of the capital stock of the corporation, which the said Garlow had transferred to the United Corporation, an insolvent and defunct corporation. The circuit court of Monongalia County overruled the defendant's demurrer to the motion, and certified its ruling to this Court.

The motion in substance alleges that the Bank of Monongahela Valley was organized prior to 1870; that it had conducted a general banking business from the time of its organization up to December 31, 1930, when the state com-

missioner of banking found it to be insolvent and closed its doors; that the plaintiff, C. E. Lawhead, was appointed, and duly qualified as receiver of said institution; that an assessment was laid, as provided by statute, upon all the shares of the capital stock of said bank, and upon the respective owners of the same to an amount equal to the full value of said shares, and the said receiver ordered to collect said assessment from the stockholders liable thereto; that on December 31, 1930, the outstanding capital stock of the said bank consisted of 3,000 shares, each of the par value of $100.00; that on the 31st day of July, preceding, the defendant Garlow was the owner of 17 shares of the capital stock, and on that date he sold said shares of stock to the United Corporation, which corporation remained the owner of said stock up until the 31st day of December, 1930; that the said United Corporation is insolvent and collection of said assessment cannot be made from said United Corporation and no part of said assessment has been paid by it; that "the receiver * * * has ascertained that prior to July 31, 1930, there accrued indebtedness of the said Bank of The Monongahela Valley to various creditors of said bank, which was unpaid on December 31, 1930, an amount in excess of $300,000.00, that being the total issued and outstanding capital stock of said bank"; that "therefore, in accordance with the assessment so made and levied by the said commissioner of banking, and in accordance with the laws of the State of West Virginia", the said Garlow is notified, that he, as the owner and holder of the said 17 shares of the capital stock of said bank during the period when said indebtedness accrued, is liable to said creditors in a sum amounting to 100% of the par value of said stock so owned and held by him, being the sum of $1,700.00; that due notice of such assessment has been given to the said Garlow, as provided by law; and that by reason of the foregoing facts, the said Garlow became indebted to said receiver; and that it is his duty to pay the said sum of $1,700.00, which he has wholly neglected and failed to do.

Both constitution and statute impose a personal liability on the stockholders for debts accruing while they are such shareholders in a banking corporation—a liability thereby made personal; not as sureties but as principals, for double

the amount of the shares so held by each of them at the date the liability accrues. *Dunn* v. *Bank,* 74 W. Va. 594, 82 S. E. 758, L. R. A. 1915 B, 168. A transferor of bank stock remains liable for debts of the bank that accrued while he held the stock. *Morrisey* v. *Williams,* 74 W. Va. 636, 82 S. E. 509, 41 A. L. R. 691n, 716n. This construction given prevents an imposition by an assignor who transfers his stock in a banking association whose tendency toward insolvency he reasonably suspects, but of which he may not have any definite information and therefore relieves his transferee from the liability imposed by statute for the protection of the creditor who deposits in or loans the money to the bank because of his confidence in the integrity and sound business judgment of its stockholders.

The demurrant on the hearing, based his objection to the petition upon the fact that such notice of motion does not with certainty state what obligations accrued during the time that the defendant was a stockholder. In order to establish the liability of the stockholder for an assessment, it must appear that a substantial portion of the unpaid indebtedness of the bank accrued during the period that such stockholder owned the stock. This fact must of course be pleaded and proved. Possibly, it may be argued that the notice does not directly allege that the unpaid indebtedness accruing prior to July 31, 1930, all accrued during the period in which the defendant owned the stock. However, it is distinctly averred that Garlow did own the stock during the period ''when said indebtedness accrued.'' The defendant cannot mistake the import of this notice. It seems to us that it fully acquaints him with the grounds on which he is proceeded against. This Court has many times held that if the notice be so plain that the defendant cannot mistake its object, it is sufficient, however wanting it ꞏmay be in form and technical accuracy. *Kelley Co.* v. *Phillips,* 102 W. Va. 85, 134 S. E. 469 ; *Anderson* v. *Prince,* 60 W. Va. 557, 55 S. E. 656 ; *Shepherd* v. *Brown,* 30 W. Va. 13, 3 S. E. 186; *Board* v. *Parsons,* 22 W. Va. 308. The pleader is not required to plead evidence in a notice of motion for judgment.

Another ground urged by the defendant is that the motion does not state the necessary facts to enable the court to deter-

mine the liability of the defendant for the indebtedness of the bank while he was a stockholder. This position is taken on the theory that the constitution and the statutes of our state make a stockholder liable jointly with a subsequent and antecedent stockholder of same stock as in the case of a note or other joint obligation, but makes him only · individually liable for the proportional part of the indebtedness of an insolvent bank accruing while he is stockholder. This point is not before us, as we are dealing here only with a situation where the indebtedness of the bank is alleged to have accrued while the defendant, stockholder, was the owner of the stock on account of which the suit has been instituted. There is nothing indicating that other persons owned any of the stock (the 17 shares owned by Garlow and transferred to United Corporation) within the period that the indebtedness of the bank which existed when it suspended business, accrued. While not effective in this case, it may be observed that the Code of 1931, 31-4-16, provided that ''no sale or transfer of the shares of stock made by such stockholder, after the liability of the banking institution originated or accrued, shall relieve the stockholder from the liability imposed by this section.'' This action on the part of the revisors tends to clarify any of the decisions of this Court, on the question, if clarification be needed. *Lawhead* v. *Davis,* 112 W. Va. 13, 163 S. E. 629; *Tabler* v. *Higgenbotham,* 110 W. Va. 9, 156 S. E. 751.

The defendant's other complaint concerns the question of distribution. This matter is not involved in the case here. If the stockholder pays the full amount he cannot be held for more. If he has paid too much, the excess will be refunded to him for the statute so provides. While it would be beneficial to receivers and creditors to have this matter determined, a decision here would be pure dictum; hence we make no comment on this phase of the case.

In an *amicus curiae* brief the applicability of notice of motion in such cases is questioned, it being asserted (1) that the remedy is by a suit in equity (Code 1931, 31-8-32); and (2) that the claim or obligation is not contractual, or, at least, not such as is contemplated under Code 1931, 56-2-6, giving an additional right by notice of motion where a person

is "entitled to recover money by action on any contract." Section 32, providing for suits in equity, is not intended to be all inclusive, and to require all proceedings in winding up the bank's affairs to be brought in equity. This brings us to the question of the applicability of notice of motion in such cases. The notice is drawn on the theory that the bank's indebtedness is equal to 100% of its capital stock; that the entire liability accrued during the time defendant was owner of the stock now declared on; and that defendant, under the laws of this state, was liable in an amount equal to the face value of his stock. It is therefore apparent that the claim does not sound in damages, as was the case in *White* v. *Conley,* 108 W. Va. 658, 152 S. E. 527. The liability imposed by statute is regarded as contractual in its nature, rather than penal. 2 Michie, Banks & Banking 113, sec. 28; 3 R. C. L. 410; *Howarth, Receiver* v. *Lombard,* 175 Mass. 570, 56 N. E. 888. The statutes and settled law of the land at the time a contract is made becomes a part of it and must be read into it. *DeWeese* v. *Smith,* 106 Fed. 438; *Sugar Refining Co.* v. *Grocery Co.,* 94 W. Va. 504, 119 S. E. 473. As we view it, the notice sets up a claim that comes clearly within the scope of the statute.

The motion for judgment is sufficient, and the action of the circuit court in overruling the demurrer is affirmed.

*Affirmed.*