Lawhead, Receiver, *v.* Craig, Executor, Appellant.

50

Argued March 26, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Harold F. Reed,* with him *W. Walter Braham* and *Ralph E. Smith,* for appellant.

*George R. Farmer* and *Hugus & Caldwell,* for appellee, were not heard.

Per Curiam, April 23, 1934:

Earle M. Craig, executor of Percy L. Craig, deceased, appeals from a judgment of the Court of Common Pleas of Lawrence County entered for plaintiff, receiver of the Bank of Monongahela Valley, in a suit to enforce the double liability of a Pennsylvania stockholder in a West Virginia banking corporation. The action was in as-

sumpsit and was tried before the lower court without a jury under the Act of 1874, upon a case stated.

Without reciting averments of the stipulation in detail, it is sufficient to state that all facts necessary to establish liability of defendant are included therein. It is agreed that the Bank of Monongahela Valley was incorporated in West Virginia prior to 1870 and was located in the City of Morgantown, West Virginia. It continued to do a banking business until December 31, 1930, when the institution was found to be insolvent and was closed by the commissioner of banking of the State of West Virginia. Percy L. Craig in his lifetime was the owner of twenty-six shares of the capital stock of the bank, each share having a par value of $100, and he continued to own these shares until the time of his death on December 17, 1929. Title to the stock remained in decedent's estate until the closing of the bank. It is also agreed that the amount of the liability of the closed bank to its depositors and creditors is greatly in excess of the par value of the outstanding capital stock, i. e., three hundred thousand dollars.

The stipulation sets forth the provision of the Constitution of West Virginia establishing double liability on the part of stockholders of banking institutions, and likewise recites the relevant portions of the laws and statutes of West Virginia regulating the control of insolvent banks and declaring the powers and duties of receivers appointed to take charge of and liquidate such institutions. Included in the powers of receivers is the authority to enforce the double liability of stockholders by suit against shareholders resident either in West Virginia or in any other state.

Appellant argues that since the Bank of Monongahela Valley was incorporated previous to the date of adoption of the present Constitution of West Virginia, the court should resolve in defendant's favor any doubt as to whether there existed a provision in the earlier Constitution respecting double liability of shareholders of bank

stock. Although it is a fact that a like provision was contained in the earlier Constitution, the stipulation in this case contains nothing to show that the bank was incorporated before the adoption of the present Constitution, and, in the absence of such a statement, the court below would not have been warranted in inferring it: Com. v. Howard, 149 Pa. 302. The parties have agreed that the present Constitution of West Virginia imposes the liability. No basis has been set forth for questioning its applicability.

Appellant also argues that the agreed statement does not contain sufficient facts upon which to establish defendant's liability. As already indicated, we cannot agree with this assertion, nor with appellant's statement that the statute indicates the proper procedure in West Virginia is in equity and would likewise be in equity in Pennsylvania. In the case of Lawhead, Receiver, v. Davis, 163 S. E. 629, the Supreme Court of West Virginia held that the receiver of a closed bank could sue at law as well as in equity to collect stockholders' liability. See also Lawhead v. Garlow, 171 S. E. 250. So far as concerns bringing the action at law in Pennsylvania, we recently sustained a judgment in assumpsit obtained by the superintendent of banks of the State of New York against a stockholder in the Bank of the United States who was resident in Pennsylvania: Broderick v. Stephano, 314 Pa. 408.

The judgment is affirmed.