I. C. ROE, *Receiver, etc. v.* CORA M. PACK

(No. 7662)

Submitted April 17, 1934.   Decided May 29, 1934.

*Jean F. Smith* and *John J. Hamrick,* for plaintiff in error.

*Vinson, Thompson, Meek & Scherr,* for defendant in error.

LITZ, JUDGE:

This is an action by notice of motion for judgment, in which the evidence was submitted to the court in lieu of a jury and judgment entered in favor of plaintiff, I. E. Roe, receiver of the Coal Exchange Bank, against defendant Cora M. Pack, for $1,381.00.

April 14, 1927, American Bank & Trust Company, of Huntington, was, for insolvency, closed by the state commissioner of banking. Some months later, the Coal Exchange Bank was organized, and, with the consent and approval of the commissioner of banking, it acquired the assets and assumed the liabilities of the American Bank & Trust Company. The new bank commenced business December 17, 1927, and was closed by the commissioner of banking October 25, 1928, because of its inability to

discharge the liabilities of the American Bank & Trust Company which were largely in excess of the assets. Defendant, who was a depositor of the old bank, became a stockholder of the new at the time of its organization. The action was brought to recover an assessment by the commissioner of banking against defendant, as a stockholder of the Coal Exchange Bank, under the liability imposed upon stockholders of insolvent banks by section 6, Article XI of the Constitution and section 32, article 8, chapter 31, Code 1931. Upon the overruling of a demurrer to the notice, plaintiff filed a plea of the general issue and several special pleas charging that representatives of the Coal Exchange Bank had induced her to subscribe to the stock by means of fraudulent representations concerning its value. After demurrer to the special pleas had been sustained, plaintiff adduced evidence, under the general issue, tending to establish the charges therein contained.

The defendant assigns as grounds of error (1) the overruling of the demurrer to the notice; (2) sustaining the demurrer to the special pleas; (3) the rendering of judgment in favor of plaintiff.

As the constitutional and statutory liability against the stockholders of an insolvent bank may be enforced by notice of motion for judgment (*Lawhead* v. *Garlow*, 114 W. Va. 175, 171 S. E. 250), and the notice contains the necessary averments, the demurrer was properly overruled.

The demurrer to the special pleas was rightly sustained because the facts therein charged did not constitute a defense. "One induced to purchase (bank) stock as the result of fraud must look to the wrongdoer for redress, and is estopped as against creditors to deny that he is a shareholder, if at the time the rights of creditors accrued he occupied and was accorded the rights of a shareholder." Michie on Banks & Banking, p. 99.

The necessary facts to establish prima facie liability against defendant having been sufficiently alleged and proved, and no defense being offered other than that

charged in the special pleas, plaintiff was entitled to judgment.

The judgment is, therefore, affirmed.

*Affirmed.*