THE GEORGIA MILITARY ACADEMY *vs.* ESTILL.

1. Where a corporation was organized, not only to build a school-house, but also to supervise and carry on a school, when it appointed and held out to the world its superintendent as general agent, it became liable for the contracts made by such agent within the scope of its business entrusted to him, including not only teaching, but also the making of such publications as would advance the interests of the academy entrusted to him.
2. A lease to the superintendent and private contracts with him, unknown to the world, cannot affect one who contracted with the agent, who was using the means usual and necessary for effectually doing the work committed to him by the principal.
3. These principles are especially applicable to agents of corporations aggregate, because such bodies can act only through agents.

November 9, 1886.

Principal and Agent. Corporations. Education. Contracts. Before Judge HARDEN. City Court of Savannah. July Term, 1886.

John H. Estill brought suit against the Georgia Military Academy on an open account for printing amounting to $383. The defendant pleaded the general issue. The case was submitted to the presiding judge without a jury, the evidence showing, in brief, the following facts: B. J. Burgess had been conducting a military school in Savannah under the name of the Georgia Military Academy. On

June 6, 1883, a corporation was formed under that name. In the petition for incorporation, it was stated that the academy was about to be established, having for its object the education and instruction of youth, and power was asked, among other things, to make by-laws for the government of the corporation and for the regulation and government of the academy; and the order of incorporation stated the general design to be the establishment and maintenance in the city of Savannah of an academy or school for the education of youth in the various branches of knowledge, etc. Burgess was elected superintendent, and he published in the *Savannah Morning News* that the academy was incorporated and governed by a board of trustees and that he was the superintendent, etc. The minutes of the corporation showed that the duties of various officers were specified, including those of the secretary and treasurer, and that a resolution was passed that ——— was appointed superintendent and should be under the general supervision of the board, and the academy might be leased to him for a term of years. Burgess had not then been appointed. Upon his appointment, the building was leased to him, and by the terms of the lease, he was to furnish the building and conduct the school at his own expense and receive such rates as he might think proper; also make rules and regulations for the government of the school, subject to the general revision of the trustees.

In 1884, Burgess went to the office of the *Savannah News* and proposed to have some printing done. The account was made against the Georgia Military Academy by his direction. The plaintiff testified that the work was done for Burgess in the character of superintendent, and would not have been done for him individually, but that he did not know what authority Burgess had to make the bill. The catalogues, which formed a portion of this printing stated the names of the trustees and instructors, that Burgess was superintendent, etc.

The president of the board of trustees testified that he

saw the advertisement and catalogues when they were issued, but that Burgess had no authority to make the bill against the corporation; that none of the items of it were authorized by the board; that he had no idea they were printed at the expense of the academy; and that the bill was not presented to him until 1884, after Burgess had left the city. He admitted that the work for which the bill was made was such as was proper and usual.

The presiding judge rendered judgment for the plaintiff for the amount sued for. The defendant moved for a new trial, on the ground that the verdict was contrary to law and evidence, and without evidence to support it. The motion was overruled, and the defendant excepted.

LESTER & RAVENEL, for plaintiff in error.

R. R. RICHARDS, by brief, for defendant.

JACKSON, Chief Justice.

J. H. Estill sued the Georgia Military Academy, a corporation located in Savannah, on an account for printing done for the academy in advertising it in the *Savannah Morning News,* and in printing circulars for the academy touching the school, its officers, studies, advantages, etc. The account was made by B. J. Burgess, as superintendent of the academy, and the judge of the city court held the academy responsible. The question made by the assignments of error is, when analyzed, was the superintendent authorized to make the account and have it charged to the corporation?

1. The corporation was organized, not only to build a school-house, as contended for by plaintiff in error, but to supervise and carry on the school, as we understand its charter. When it appointed and held out to the world its superintendent as general agent, it became liable for the contracts made by the agent within the scope of its business entrusted to him. What was that business? Not

only to teach, as we think, but to make such publications as will advance the interests of the academy entrusted to the superintendent. Code of Georgia, §§2194, 2204.

2. The lease to the superintendent and private contracts with him, unknown to the world, cannot affect the contractor with the agent using means usual and necessary for effectually doing the work committed to him by the principal. Code, §2196.

3. These principles are especially applicable to agents of corporations aggregate like this, because such bodies corporate can act only through agents. *The Scofield Rolling Mill vs. The State*, 54 Ga. 635–638–9.

It is believed that these principles, applied to the facts represented at the head of this opinion, required the judgment rendered by the judge of the city court of Savannah and make further comment unnecessary.

Judgment affirmed.