L. BLACKMAN v. LELAND J. WEBB.

ATTORNEY — *Retaining-Fee may be Recovered.* Whenever an attorney and counselor at law is employed generally to prosecute or defend in an action, he may, after the action has been terminated, recover from his client a retaining-fee, although the contract of employment did not expressly or specifically mention a retaining-fee.

*Error from Shawnee District Court.*

ACTION by *Webb* against *Blackman,* to recover a retainer as an attorney at law. On May 27, 1886, a judgment for $100 was rendered for the plaintiff. The defendant brings the case here. The opinion states the facts.

*Waters, Chase & Tillotson,* for plaintiff in error.
*Webb, Campbell & Spencer,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Leland J. Webb against L. Blackman, to recover for a retainer as an attorney and counselor at law. The case was tried before the court and a jury, and the jury found in favor of the plaintiff and against the defendant, finding the value of the retainer to be $100, and also that the plaintiff had performed services for the defendant, in pursuance of such retainer, to the value of $25; and the court rendered judgment in favor of the plaintiff and against the defendant for $100, for the retainer only, and nothing for the services; and to reverse this judgment, the defendant, as plaintiff in error, brings the case to this court.

The only question presented to this court is, whether an attorney at law is entitled to recover a retaining-fee where he sues only for the retaining-fee and not for services, and where no express or specific contract has been made for a retaining-fee, but only a general contract for the services of the attorney in defending in one action already commenced, and in prosecuting in another action in contemplation. The word "re-

tainer," when used in the place where we are now using it, is defined as follows: "The act of a client by which he engages an attorney or counselor to manage a cause, either by prosecuting it, when he is plaintiff, or defending it, when he is defendant. The retaining-fee." (Bouvier's Law Dict.) "The act of employing or engaging an advocate, barrister, attorney, counselor, solicitor, or proctor, to appear and prosecute or defend. The word is also used for the notice served by an attorney, etc., on the opposite party or attorney, that he has been retained, in which use it is by elision for notice of retainer; and for the fee paid to a lawyer upon his undertaking a cause, in which use it is by elision for a retaining-fee." (Abbott's Law Dict.)

It will be seen that the word "retainer" as used in cases of this kind means: First, the act of the client in employing his attorney or counsel; second, the notice of the retainer served upon the opposite party or his attorney; third, the retaining-fee. We think the action may be maintained, and the case of *Perry v. Lord,* 111 Mass. 504, is sufficient authority therefor. A retainer may be inferred from the circumstances of the case. (1 Am. & Eng. Cyclopædia of Law, 953; Weeks on Attys., § 340, and cases there cited.) And the right to a retaining-fee follows every retainer. When an attorney is engaged to prosecute or defend in an action, his entire services in that action are engaged for his client, and he cannot perform services for the adverse party. He is retained by his client for that entire action; and whether his client may ever call upon him to perform services, or not, he cannot perform services in that action for the adverse party, nor can he receive any fee or compensation from the adverse party. All his skill and ability for that case are at the command of his client. A retainer of an attorney at law is presumably worth something to the client, and presumably a loss to the attorney, and whether the attorney is ever called upon to perform any services, or not, in that case, he may when the case is terminated recover for whatever the evidence shows the retainer was worth. Whether he may in any case recover a retaining-

fee and also an additional amount for his services, we are not now called upon to determine; and neither are we called upon to determine whether he could in any case recover as a retaining-fee more than his entire services would be worth if he should devote his services to the entire case, and through all its stages, from the beginning to the end. All that we are now required to determine is, whether he can recover a retaining-fee at all, in a case where no such fee was expressly and specifically contracted for, but only a general contract of employment was made. We hold that he can recover.

The judgment of the court below will be affirmed.

All the Justices concurring.