R. F. BUCKLES V. THE NORTHEAST KANSAS TELEPHONE
COMPANY.

No. 15,203.    (99 Pac. 813.)

SYLLABUS BY THE COURT.

ATTORNEYS—*Retainer Fees—Implied Contract—Evidence.* From
the unchallenged findings of a referee it appears that the plain-
tiff's firm was paid in full for all services performed by them
as attorneys for the defendant.   The referee further found
that a contract should be implied in favor of the plaintiff's
firm to pay them a retainer, in addition to the pay for their
particular services for each year over which the services ex-
tended.   The latter finding was stricken out by the district
court, on the ground that it was not supported by the evi-
dence.   *Held,* that this court can not say that the district
court erred in the action so taken.

Error from Brown district court; WILLIAM I.
STUART, judge.   Opinion filed December 12, 1908.   Af-
firmed.   Opinion on reargument filed February 6, 1909.
Reaffirmed.

STATEMENT.

THIS is an action brought by R. F. Buckles against
the Northeast Kansas Telephone Company to recover
for legal services rendered, and for retainer fees cov-
ering a number of years.   F. M. Pearl was the law
partner of Buckles during the time, and also a di-
rector and secretary of the telephone company.   He
refused to join as plaintiff and was made a defendant.
The defendant company answered by a general denial,
and Pearl filed a disclaimer in the form of an affidavit.
The reply was a general denial.   Upon the issues thus
formed the case was submitted to a referee, who after
hearing the evidence made his report, with findings,
among others, as follow:

"(11) That the firm of Buckles & Pearl performed all
of said services for which they were employed by de-
fendant company and gave advice relative thereto, Mr.
Pearl of said firm doing the major part of the work,
and that the reasonable compensation therefor is in the

sum of $50, and that the same is fully paid, and for which the bill set out in the following finding No. 12 includes."

"(13) That the defendant company employed the firm of Buckles & Pearl as the retained attorneys of defendant company, and that such retainer was from the period beginning January 5, 1903, up to September 23, 1905, and that the reasonable value of such retainer is the sum of $100 per year for such term, being in the aggregate in the sum of $234.83.

"That such retainer was not an express contract, but an implied one; except that at a regular meeting of the board of directors of defendant company on January 5, 1903, the minutes thereof contain the following: 'On motion and second it was ordered that the phone in the office of Buckles & Pearl be now placed on the free list as attorneys for the company,' and thereafter said defendant company never collected any phone rental from said firm.

"That no part of such retainer has been paid, save and except that defendant company is entitled to a credit for phone rental as hereinafter set out in a subsequent finding."

"(16) That in February, 1905, the said firm of Buckles & Pearl were employed by defendant company to reissue the bonds of defendant company and to increase the same by $5000 additional; that said firm of Buckles & Pearl performed such services; and that the reasonable compensation therefor would be in the sum of $15, and that the same has not been paid."

"(19) That the foregoing particularly set out services are the only services rendered by the firm of Buckles & Pearl to any and all of the several companies named in these findings."

"(23) That the Brown County Telephone Company, the Northeastern Kansas Telephone Company, and the Northeast Kansas Telephone Company, never had, nor did any one of them have, a lawsuit or ever threatened with one."

The referee recommended a judgment for the plaintiff for $213.83, the amount found due after deducting from the sum named in the thirteenth finding the amount of the telephone rental. The plaintiff filed a motion in the district court to modify the thirteenth

finding of fact so as to allow Buckles & Pearl $150 per year as a retainer instead of $100, as found by the referee. The defendant moved to set aside the thirteenth finding of the referee because it was not sustained by evidence and was contrary to law, and also excepted to the conclusion of the referee allowing $213.83 to the firm.

The court denied the plaintiff's motion, and allowed that of the defendant, and rendered judgment in favor of Buckles & Pearl for $15, and taxed the costs accruing after April 6, 1906, to the plaintiff, the defendant having on that day offered to confess judgment for $50. The plaintiff excepted to these rulings, and presents the record here for review.

*Ryan & Ryan*, and *R. F. Buckles*, for plaintiff in error.

*F. M. Pearl*, and *A. M. Harvey*, for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The findings of the referee show that all the services rendered by Buckles & Pearl for the defendant were paid for in full, except the services for which the court allowed the sum of $15, that being the amount that the referee found to be reasonable. The plaintiff does not complain of these findings, and this leaves the only question to be considered whether the court ought to have allowed the retainer fees found by the referee and stricken out.

While the payment of a retainer to an attorney may be usual, and an agreement to make such payment may be implied in a proper case, it does not follow that such an agreement ought to be implied where all the particular services performed by the attorney are fully paid for. Indeed it does not seem to be the real claim of the plaintiff that the allowance by the referee, called a retainer, was really such. From his testimony it appears that the services were of that nature, responding

to frequent calls from day to day, that it was imprac-
ticable to make a charge for each particular service,
and so his claim was, as it seems from all his testimony,
that his firm should be allowed a reasonable sum per·
year for such miscellaneous services. The difficulty,
however, with the allowance of such a claim, by what-
ever name it may be called, is the finding of the referee
that all the services performed by the firm, with the
exception of that for which judgment was rendered,
were paid for, a finding which was not attacked in the
district court and is not complained of here.

·From a consideration of the services rendered, the
amounts involved, and the importance of the questions
considered, the amount paid by the company appears
to be very modest indeed, if not inadequate; but as the
finding of the referee that it was reasonable was not
challenged, the question is not now open for considera-
tion. In the absence of an express agreement to pay a
retainer, the services actually performed having been
paid for, we can not say that the district court erred
in setting aside the finding of the referee that an agree-
ment to pay a retainer each year should be implied.
(*Blackman v. Webb,* 38 Kan. 668, 17 Pac. 464; *Windett
v. Union Mutual Life Ins. Co.,* 144 U. S. 581.)

The judgment is affirmed.

---

OPINION ON REARGUMENT.

*Per Curiam:* This case was heard at the November
session, 1908, and the opinion was filed at the Decem-
ber session. Through some mistake the case was also
placed upon the docket for the January, 1909, session.
Counsel for plaintiff did not attend the November ses-
sion, supposing that the case had been reassigned for
January. Upon his suggestion of a desire to be heard
orally the assignment for January was permitted to
stand for reargument. Both parties presented addi-
tional briefs. Upon due consideration we adhere to the
views expressed in the foregoing opinion.