## PICKENS COMPANY *v.* THOMAS.

1. The general manager of a mercantile and farming corporation is without authority, by virtue of his office alone, to employ counsel to represent employees thereof who are charged with larceny of property alleged to be that of third persons, but claimed by such corporation

as its own, in the absence of express authority from the corporation, or ratification by the corporation of his act in so employing counsel, or by a previous course of dealing known to the corporation, from which such authority might be inferred; and this is true although prior to the indictments against these employees a third person who claimed one of the hogs alleged to be stolen had prosecuted a possessory warrant for the same against the corporation, and although the property alleged to be stolen by the employees was claimed by the corporation and found upon its premises where the employees were working.

2. Where an attorney at law is employed by a corporation as its general counsel for one year, the position having no fixed salary attached, but the attorney is to be paid a separate fee for every specific legal service rendered the corporation, and there is no agreement between the attorney and the corporation as to any retaining fee, such attorney is not entitled, as a matter of right, at the end of his year's employment, to a retaining fee in addition to the fees paid him for specific services rendered his client during the period of his employment.

No. 2498.  FEBRUARY 16, 1922.

Questions certified by Court of Appeals (Case No. 11508).

*Gibbs & Turner* and *Wilson & Bennett,* for plaintiff in error.

*J. H. Thomas, J. W. Walker,* and *J. R. Thomas,* contra.

HINES, J.  1.  The Court of Appeals propounds this question:

" The Pickens Company is a private corporation chartered under the laws of this State and engaged in merchandising and farming. Certain of the employees of the company were prosecuted and indicted by third persons for hog-stealing. These employees were defended in the courts by an attorney at law, and he subsequently presented a bill for his services to the Pickens Company, which refused to pay it, and the attorney brought suit against the company. Upon the trial of this suit, the evidence authorized a finding of the following facts:  The hogs which the employees were charged with stealing were claimed by the Pickens Company, and were found upon the company's premises where the indicted employees were working; prior to these indictments a third person, who claimed one of these hogs, prosecuted a possessory warrant for the hog against the Pickens .Company; the attorney was employed to defend these employees by the general manager of the Pickens Company, who was also a director thereof, and who told the attorney at the time of his employment that the Pickens Company would pay his fees. It was not, however, shown upon the trial that the corporation itself, through its board of directors, had employed the attorney to defend these employees, or that the general manager had authority under the charter of the corporation or its by-

laws to employ him, or that the action of the general manager in employing him had ever been ratified by the board of directors of the corporation, or that under the charter of the corporation or its by-laws such an employment was within the powers of the corporation. Under these facts, would a verdict finding the defendant liable be contrary to law?"

Unless specially restricted, the authority and power of a general manager of a corporation are coextensive with the powers of the corporation itself; and he has authority to do any act on its behalf which is usual and necessary in the ordinary course of the company's business. *George Military Academy* v. *Estill, 77 Ga.* 409; *Raleigh & Gaston R. Co.* v. *Pullman Co., 122 Ga. 700, 704, 705 (50 S. E. 1008).*

If a person imposes upon another the duties and responsibilities involving the management and control of a business, such person will be presumed to have authority to represent his employer in any matter within the scope of the business; and this rule applies peculiarly to corporations which act only through their officers and agents. *Southwestern R.* v. *Mitchell, 69 Ga. 114; Fulton Bldg. & Loan Asso.* v. *Greenlea, 103 Ga. 376 (29 S. E. 932); Raleigh & Gaston R. Co.* v. *Pullman Co.,* supra.

So the question arises, does the employment of counsel by the general manager of a mercantile and farming corporation, to represent certain of its employees who were charged with stealing hogs claimed by the corporation and found on its premises where these employees were working, fall within the scope of the business? It was not shown that the corporation, through its board of directors, had employed the attorney to defend these employees, or that the general manager had authority under its charter or by-laws to employ the attorney for this purpose, or that his employment of the attorney had been ratified by the corporation. The employment of counsel to represent its employees for infractions of the criminal laws of the State does not come within the scope of the business of a mercantile and farming corporation. This principle is not varied by the fact that the employees are indicted on the charge of stealing hogs claimed by the corporation; nor by the fact that a third person, who claimed one of these hogs, had prosecuted a possessory warrant for its recovery against the corporation. It would be stretching the authority of a general

manager to the snapping point to hold, that, by virtue of his employment as general manager alone, he could employ counsel, at the expense of his corporation, to represent its employees when charged with the commission of crimes.

The case at bar is different from those cases which hold that a general manager of a railroad has authority to bind the corporation by contracts for medical and other services to an injured employee, passenger, or other person hurt on its road by any agency of the company. Louisville etc. Ry. Co. v. McVay, 98 Ind. 391, 398 (49 Am. R. 770). In such cases the persons injured, and for whom medical services were procured, were hurt by agencies of the companies, and such companies were interested in their welfare, as they might be liable in damages for the injuries inflicted. Under the facts recited in this question a verdict finding the defendant liable would be contrary to law.

2. The Court of Appeals propounds this question: "Where an attorney at law is employed by a corporation as its general counsel for one year, the position having no fixed salary attached, but the attorney to be paid a separate fee for every specific legal service rendered the corporation, and there being no agreement between the attorney and the corporation as to any retaining fee, is the attorney entitled, as a matter of right, at the end of his year's employment, to a retaining fee in addition to the fees paid him for his specific services?"

A retainer is the act of the client in employing his attorney or counsel. The word is also used to denote the fee which the client pays his attorney when he retains him to act for him and thereby prevents him from acting for his adversary. Union Surety & Guaranty Co. v. Tenney, 200 Ill. 349 (65 N. E. 688) ; Bouvier's Law Dict., retainer; Knight v. Russ, 77 Cal. 410 (19 Pac. 698) ; Saulsbury v. American Vulcanized Fibre Co., 28 Del. 182 (91 Atl. 536) ; In re Solicitor, 22 Ont. L. R. 30 (19 Ann. Cas. 488).

A retaining fee is a preliminary fee given to an attorney or counsel to insure and secure his future services and induce him to act for the client. Agnew v. Walden, 84 Ala. 502 (4 So. 672) ; Union Surety & Guaranty Co. v. Tenney, 200 Ill. 349 (65 N. E. 688) ; Blair v. Columbian Fireproofing Co., 191 Mass. 333 (77 N. E. 762).

In cases of express contracts for the payment of retaining fees there can be no trouble. In this country express contracts between attorney and client as to compensation are generally recognized, and a contract to pay a retaining fee, though the contemplated services are not rendered, is valid and enforceable. See note, 1 Ann. Cas. 299; Agnew *v.* Walden, supra; Union Surety & Guaranty Co. *v.* Tenney, supra.

The decisions are in conflict upon the question whether an agreement to pay a retaining fee is implied. Windett *v.* Union Mutual Life Ins. Co., 144 U. S. 581 (12 Sup. Ct. 751, 36 L. ed. 551); Yates *v.* Shepardson, 27 Wis. 238; In matter of Schaller, 10 Daly (N. Y.), 57; Dumont *v.* Smith, 4 Den. (N. Y.) 319; Buckles *v.* Northeast Kans. Tel. Co., 79 Kans. 34 (99 Pac. 813).

A distinction has been made between the implied right of an attorney to recover a retaining fee where he has not been called upon to render the contemplated services, and his right to such a fee in addition to the value of the contemplated services which are rendered. In the latter case it has been held that there is no implied contract to pay a retaining fee. The scope of the right to charge retainers is to remunerate counsel for being deprived, on account of being retained by one party, of the opportunity of rendering services for and receiving pay from the other, and not to swell the amount of the bill which accrues for services rendered in pursuance of the employment. In most jurisdictions it is held that the agreement to pay a reasonable retaining fee is implied in the retainer. Aldrich *v.* Brown, 103 Mass. 527; Perry *v.* Lord, 111 Mass. 504; Eggleston *v.* Boardman, 37 Mich. 14; Roche *v.* Baldwin, 143 Cal. 186 (76 Pac. 956); Knight *v.* Russ, 77 Cal. 410 (19 Pac. 698).

It has been said: "The right to a retaining fee follows every retainer. When an attorney is engaged to prosecute or defend in an action, his entire services in that action are engaged for his client, and he cannot perform services for the adverse party. . . All his skill and ability for that case are at the command of his client. A retainer of an attorney at law is presumably worth something to the client, and presumably a loss to the attorney; and whether the attorney is ever called upon to perform any service or not in that case, he may, when the case is terminated, recover for whatever the evidence shows the retainer was worth." Blackman *v.* Webb, 38 Kans. 668 (17 Pac. 464).

So a general retainer of an attorney to represent a corporation would entitle the attorney to a retaining fee if he was never called upon to render any services. The retaining of an attorney under such circumstances is presumably worth something to the client, and presumably a loss to the attorney, and the attorney would be entitled to recover the value of such retainer in the event he was not called upon to render any service.

We think, however, that when an attorney is generally retained and is employed by the client in all his cases, and is paid in full for services rendered in such cases, he gets all that he is entitled to under such general retainer, and should not be permitted to recover, in addition to the sums so paid for such services, an additional amount as a retaining fee.

But however that may be, when an attorney is employed by a corporation as its general counsel for one year, without a fixed salary, but the attorney is to be paid a separate fee for each specific service rendered the corporation, and there is no agreement between the attorney and client as to the payment of a retaining fee, such attorney is not entitled, as a matter of right, at the end of his year's employment, to a retaining fee in addition to the fees paid him for his specific services rendered the corporation. The agreement by which the attorney is to be paid a separate fee for every specific legal service rendered the corporation excludes any implied agreement to pay him in addition a retaining fee. We answer this question in the negative.

3. The second question being answered in the negative, we are not requested to answer the third question propounded by the Court of Appeals.        *All the Justices concur, except*

BECK, P. J., and ATKINSON, J., who dissent on the ground that the defense of the employee is so related to the property rights and protection of the property of the corporation that it would be authorized to employ an attorney for defending the employee under the circumstances stated; and if the corporation had such authority, the general manager also had it.