## 11508. PICKENS COMPANY v. THOMAS.

1. " The general manager of a mercantile and farming corporation is with-out authority, by virtue of his office alone, to employ counsel to represent' employees thereof who are charged with larceny of property alleged to be that of third persons, but claimed by such corporation as its own, in the absence of express authority from the corporation, or ratification by the corporation of his act in so employing counsel, or by a previous course of dealing known to the corporation, from which such authority might be inferred; and this is true although prior to the indictments against these employees a third person who claimed one of the hogs alleged to be stolen had prosecuted a possessory warrant for the same against the corporation, and although the property alleged to be stolen by the employees was claimed by the corporation and found upon its premises where the employees were working."

2. " Where an attorney at law is employed by a corporation as its general counsel for one year, the position having no fixed salary attached, but the attorney is to be paid a separate fee for every specific legal service rendered the corporation, and there is no agreement between the attorney and the corporation as to any retaining fee, such attorney is not entitled, as a matter of right, at the end of his year's employment, to a retaining fee in addition to the fees paid him for specific services rendered his client during the period of his employment."

DECIDED APRIL 11, 1922.

Complaint; from city court of Jesup — Judge Clark. March 29, 1920.

*Gibbs & Turner, Wilson & Bennett,* for plaintiff in error.

*J. H. Thomas,* contra.

LUKE, J. This court certified to the Supreme Court the following questions involved in this case: (1) " The Pickens Company is a private corporation chartered under the laws of this State and engaged in merchandising and farming. Certain of the employees of the company were prosecuted and indicted by third persons for hog-stealing. These employees were defended in the courts by an attorney at law, and he subsequently presented a bill for his services to the Pickens Company, which refused to pay it, and the attorney brought suit against the company. Upon the trial of this suit the evidence authorized a finding of the following facts: The hogs which the employees were charged with stealing were claimed by the Pickens Company, and were found upon the company's premises where the indicted employees were working; prior to these indictments a third person, who claimed one of these hogs, prosecuted a possessory warrant for the hog against the Pickens Company; the attorney was employed to de-

fend these employees by the general manager of the Pickens Company, who was also a director thereof, and who told the attorney at the time of his employment that the Pickens Company would p^y his fees. It was not, however, shown upon the trial that the corporation itself, through its board of directors, had employed the attorney to defend these employees, or that the general manager had authority under the charter of the corporation or its by-laws to employ him, or that the action of the general manager in employing him had ever been ratified by the board of directors of the corporation, or that under the charter of the corporation or its by-laws such an employment was within the powers of the corporation. Under these facts, would a verdict finding the defendant liable be contrary to law ?" (2) "Where an attorney at law is employed by a corporation as its general counsel for one year, the position having no fixed salary attached, but the attorney to be paid a separate fee for every specific legal service rendered the corporation, and there being no agreement between the attorney and the corporation as to any retaining fee, is the attorney entitled, as a manner of right, at the end of his year's employment, to a retaining fee in addition to the fees paid him for his specific services ?"

The Supreme Court answered the first question in the affirmative, and the second question in the negative, and the preceding headnotes are the headnotes of that decision. For the full opinion of the Supreme Court see *Pickens Company* v. *Thomas,* 152 *Ga.* 648 (111 S. E. 27).

Under the above rulings, and the facts of the instant case, the plaintiff was entitled to recover the sum of $50 only, with interest thereon (that amount being the balance of an attorney's fee which upon the trial the defendant admitted it owed the plaintiff), and the verdict for $800 in favor of the plaintiff was contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*