HARRIS, IRBY & VOSE et al. v. ALLIED COMPRESS CO. OF AUGUSTA, GA.

(Circuit Court of Appeals, Fifth Circuit. May 11, 1925.)

No. 4510.

1. Courts ⊜⟶372(1)—Validity and provability of claims in bankruptcy a federal question, not affected by state decisions.

The validity and provability of claims in bankruptcy is necessarily a federal question, and dependent on principles of general commercial law, on which decisions of a state court are not controlling.

2. Corporations ⊜⟶397—Acts of officer which do not bind corporation.

A corporation may be bound by one of its officers, whose act is in its nature one which the corporation cannot delegate, but which it alone can perform; but, where the act is one which may be delegated to an employee, the corporation is not bound if the employee acts beyond the scope of his authority, though he may also be an officer.

3. Bankruptcy ⊜⟶318(1) — Corporations ⊜⟶ 423—Issuance of false and fraudulent storage receipts by general manager not binding on corporation; holder of fraudulent storage receipts held not to have claim on contract provable in bankruptcy.

The issuance of false and fraudulent storage receipts for cotton by the general manager of a compress company, engaged in the business of receiving cotton for compression and storage, held not within the scope of his authority, and not binding on the corporation, and a holder of such receipts held not to have a claim founded on contract, provable in bankruptcy against the corporation, under Bankruptcy Act, § 63a (4), being Comp. St. § 9647.

Appeal from the District Court of the United States for the Southern District of Georgia; Wm. I. Grubb, Judge.

In the matter of the Allied Compress Company of Augusta, Ga., alleged bankrupt. From a decree dismissing an involuntary petition, Harris, Irby & Vose and others, petitioners, appeal. Affirmed.

Wm. H. Fleming, Boykin Wright, and Geo. T. Jackson, all of Augusta, Ga., for appellants.

E. H. Callaway, of Augusta, Ga., and Louis H. Moos, of New York City (Callaway & Howard, of Augusta, Ga., and Moos & Gonnet, of New York City, on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellants filed a petition seeking to have the Allied Compress Company adjudicated a bankrupt.

The petition alleges that appellants are creditors of appellee, and have provable claims against it in large amounts, which were stated; that each of the claims is for money advanced on warehouse receipts issued by appellee and dishonored, upon demand being made for cotton represented by such receipts; and that appellee, while insolvent, transferred 600 or 700 bales of cotton to one of its creditors, with intent to prefer that creditor over its other creditors. The answer denies that appellants are creditors, or that they have provable claims, and on information and belief avers that the warehouse receipts, which form the basis of the claims of appellants, were never lawfully issued or authorized by appellee, and did not represent any cotton. The answer also denies that appellee is insolvent, and that it committed the act of bankruptcy alleged in the petition.

From an agreed statement of facts the following appears:

Appellee is a corporation whose charter authorized it to press and store cotton. It had a printed form, which acknowledged receipt of cotton, particularly described, and provided:

"The above cotton is received to be compressed and held at owner's risk by fire, and is to be delivered according to the indorsement hereon by said bailor or his assigns, but only upon the surrender and cancellation of this receipt and payment of all charges thereon."

On the back of the receipt was this form of assignment:

"The within warehouse receipt is hereby assigned to ———. The property mentioned below is hereby released from this receipt for delivery from warehouse, and upon such delivery this receipt is declared canceled."

Below this was space for the description of cotton and the signature of the party to whom the receipt was issued.

W. P. O'Keefe was general manager of the compress company, and as such he issued receipts on the just-mentioned form to Barrett & Co. for 3,850 bales of cotton. Barrett & Co. assigned these receipts to appellants as collateral security for loans, and in this manner obtained from Harris, Irby & Vose $270,000 upon receipts purporting to represent 2,000 bales of cotton; from the Hibernia Bank & Trust Company of New Orleans $110,000, upon receipts purporting to represent 1,100 bales; and from the American Trust Company of Charlotte $75,000, upon receipts purporting to represent 750 bales. The compress company did not have in its possession any of the cotton which the receipts assigned to and held by appellants purported to represent, and the receipts did not represent cotton thereafter to be delivered, but were fraudulently issued in the name of the compress company by O'Keefe as general manager.

These facts were fully known both to O'Keefe and Barrett & Co., but were not known to any of the other officers, directors, or stockholders of the compress company. Appellants were without actual knowledge or notice that the receipts were fraudulently issued. Demand was duly made on the compress company for the cotton called for by the receipts. Appellee was not insolvent, if it was not liable on the fraudulent receipts; but, if the claims of appellants are valid, it is insolvent.

The District Judge, being of opinion that the claims of appellants were not provable in bankruptcy, dismissed the petition, without taking testimony upon the issue whether an act of bankruptcy had been committed. This was done upon request of counsel on both sides, and because any disputed question of fact became immaterial, in view of the conclusion reached by the court.

The claims of appellants are based upon express contracts contained in the warehouse receipts, pursuant to section 63a (4) of the Bankrupt Act (Comp. St. § 9647), because tort claims not reduced to judgment are not provable in bankruptcy, and resort cannot be had to the doctrine of implied or quasi contracts, as it is admitted that appellee received no consideration for the fraudulent receipts, and was not in any way enriched as a consequence of the issuance thereof. Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247. There were no express contracts. It doubtless will be conceded that Barrett & Co. would have no right of action against appellee.

[1] The contention of appellants is that appellee is estopped to assert that no cotton was received by it and that the receipts issued by its general manager were fraudulent. The case of Planters' Rice Mill Co. v. Merchants' Nat. Bank, 78 Ga. 574, 3 S. E. 327, is relied upon to sustain this contention. That was a tort action, and was not based upon any statute. It may be doubted whether it is authority in an action upon a contract; but, assuming that it lays down a general principle applicable in that state to actions ex contractu, as well as to those ex delicto, yet we are not bound to follow it, because the validity and provability of

claims in bankruptcy depend upon principles of general commercial law. New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284; Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356; Bank of Edgefield v. Farmers' Co-operative Mfg. Co., 52 F. 98, 2 C. C. A. 637, 18 L. R. A. 201; Russell v. Grigsby, 168 F. 577, 94 C. C. A. 61; Reynolds v. New York Trust Co., 188 F. 611, 110 C. C. A. 409, 39 L. R. A. (N. S.) 391.

There is nothing inconsistent with this view in Security Warehousing Co. v. Hand, 206 U. S. 415, 27 S. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789, or in Cuba R. Co. v. Crosby, 222 U. S. 473, 32 S. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40, relied on by appellants to support the proposition that the decisions of the Supreme Court of Georgia are controlling upon the question of the validity of the fraudulent receipts. In the Hand Case the question was whether a pledge was valid, and the ruling was that it was not, either under the law of Wisconsin or the general law relating to pledges. In the Crosby Case it was only held that a right of action ex delicto was to be determined by the law of Cuba, where the cause of action, if any existed, arose. This is not a case of the construction of a contract, for the receipts are plain enough on their face, but whether the claims of appellants are provable in bankruptcy. That is a federal question, necessarily. Otherwise, the Bankruptcy Act could not be given a uniform operation, in order that justice might be done to all creditors alike.

[2] Upon that question, if the case of Planters' Rice Mill Co. v. Merchants' National Bank, supra, applies to estoppels on fraudulent contracts, it is in direct conflict with the decisions of the Supreme Court of the United States. Under the state rule, the agent would be acting within the scope of his employment, and the principal would be bound; while, under the federal rule, the agent would be acting without the scope of his employment, and the principal would not be bound. The Schooner Freeman v. Buckingham, 18 How. 182, 15 L. Ed. 341; Pollard v. Vinton, 105 U. S. 7, 26 L. Ed. 998; Iron Mountain R. Co. v. Knight, 122 U. S. 79, 7 S. Ct. 1132, 30 L. Ed. 1077; Friedlander v. Texas & P. Ry. Co., 130 U. S. 416, 9 S. Ct. 570, 32 L. Ed. 991.

But it is argued that appellee's general manager acted for the corporation, not as its agent, but as its alter ego, and that the case stands as if appellee had been an individual and itself had issued the receipts. In support of this position, appellants cite Raleigh & G. R. Co. v. Pullman Co., 122 Ga. 700, 50 S. E. 1008, Pickens Co. v. Thomas, 152 Ga. 648, 111 S. E. 27, 21 A. L. R. 1438, and American Soda Fountain Co. v. Stolzenbach (N. J. Err. & App.) 68 A. 1078, 16 L. R. A. (N. S.) 703. The first of these cases holds that the general manager of a railroad company had authority to bind his principal to repair damages to Pullman cars occasioned by accident. In the second case it was held that the general manager of a mercantile and farming corporation was without authority to employ counsel to represent employees charged with larceny of property alleged to belong to a third party and claimed by the corporation. In the third case it was held that a statutory affidavit of consideration annexed to a chattel mortgage executed by an officer of the corporation bound the corporation. It appears from these cases only that a corporation may be bound by one of its officers whose act is in its nature one which the corporation cannot delegate, but which it alone can perform, and that it may be estopped by the apparent authority of its agents acting within the scope of their employment.

[3] Where the act is one that the corporation cannot delegate, it must, of course, be performed by natural persons. The acceptance of goods to be compressed, stored, and redelivered to the bailor is such an act as may be performed by a mere employee of the corporation, and the issuance of warehouse receipts is a mere incident to such employee's principal duty. It would seem to make no difference if the employee happens also to be an officer of the corporation. At any rate, the authority of appellee's general manager was not greater than is the authority of the master of a vessel, and in the case of the Schooner Freeman v. Buckingham, supra, it was held that the master of a vessel could not bind the owner by signing false bills of lading.

The conclusion is that the claims of appellants are not provable in bankruptcy.

The decree dismissing the petition is affirmed.