BEVERLY SIMON, Plaintiff-Appellee, v. ROBERT I. AULER, Defendant-Appellant.

Fourth District   No. 4—86—0539

Opinion filed May 21, 1987.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant, *pro se.*

Arthur M. Lerner, of Greaves, Lerner & Kirchner, of Champaign, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The plaintiff, Beverly Simon (Simon), sued Robert I. Auler (Auler), an attorney, for a refund of part of a $5,000 retainer which she paid Auler for agreeing to represent her in a dissolution of marriage action. Simon reconciled with her husband and, because no dissolution was filed, she contends Auler did not perform the services

contemplated when she paid him the retainer. Auler appeals a $4,000 judgment entered in Simon's favor.

A recitation of the evidence presented at the bench trial on this cause is unnecessary, because of admissions and stipulations by the parties. The parties executed a written contract providing Auler was to receive a $5,000 retainer for representing Simon in a contemplated dissolution of marriage action, and Simon paid Auler that amount. A copy of the written retainer contract is not included in the record. The contract was apparently nothing more than a receipt. The parties agree the receipt said nothing concerning refundability of the $5,000 retainer fee. The parties stipulated $100 per hour was a reasonable value for Auler's services "for work of this nature."

In a deposition introduced into evidence, Auler stated that at his initial meeting with Simon, at which they discussed his representing her in a contemplated dissolution, he told Simon there would be a $5,000 nonrefundable fee, which would have to be paid in advance. Also at that deposition, Auler acknowledged "the outside limit" of the amount of time he spent on preparation for Simon's contemplated dissolution was 10 hours.

In an additional deposition introduced into evidence, Simon recalled Auler telling her the dissolution of marriage would cost a minimum of $5,000, but stated, "I cannot remember non-refundable." Simon further testified at the bench trial she had no discussion with Auler concerning what would happen "should the divorce not go through" or refundability of the retainer.

After trial, the circuit court found neither party anticipated reconciliation of Simon and her husband when Simon retained Auler to represent her. The court held the retainer agreement was not binding on the parties and Auler was entitled only to compensation on a *quantum meruit* basis for work performed on Simon's behalf before Simon informed Auler of her reconciliation with her husband and instructed him not to file the dissolution suit. The court held that on the basis of work which Auler performed for Simon, Auler was entitled to compensation of $1,000, which represents 10 hours of work at $100 per hour. The court therefore entered judgment in favor of Simon in the amount of $4,000.

Auler contends the judgment in favor of Simon should be reversed because: (1) the nonrefundability of the $5,000 retainer fee was a term of the parties' contract; (2) the fee provided for by the parties' agreement was not clearly excessive; (3) decisions which have substituted a *quantum meruit* attorney-fee award for a fee prescribed by a contingent-fee contract are distinguishable since they are based on

considerations of reasonableness and public policy which do not apply to fixed-fee contracts; and (4) even if *quantum meruit* principles apply to this case, the circuit court allowed him an inadequate amount for representing Simon because his representation of Simon was the principal factor in bringing about a reconciliation between her and her husband.

■■■ Where the evidence as to the terms of a contract is in conflict, the trier of fact must determine those terms. (*White v. Murtland* (1874), 71 Ill. 250.) The circuit court assessed the credibility of the witnesses. It found Simon and Auler did not discuss the possibility of Simon's not pursuing the dissolution with the resulting implication that the nonrefundability of the $5,000 retainer was not an explicit term of the parties' contract. This finding was not contrary to the manifest weight of the evidence. We express no opinion concerning whether Auler would have been entitled to keep the full $5,000 had the retainer contract contained an explicit nonrefundability provision.

■■ We next consider whether the Simon-Auler contract, providing for a $5,000 retainer, is binding on Simon despite Simon's decision not to go through with her planned dissolution. Formerly, such contracts obligated the client to pay the attorney the full amount of the agreed upon fee, regardless of what legal services the attorney actually performed. (*E.g., Union Surety & Guaranty Co. v. Tenney* (1902), 200 Ill. 349, 65 N.E. 688; *Town of Mt. Vernon v. Patton* (1879), 94 Ill. 65.) However, in *Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 399 N.E.2d 969, the supreme court discarded this rule. The court held an attorney discharged without cause is not entitled to recover the full amount of contractually agreed upon fees, but is instead entitled to reimbursement on a *quantum meruit* basis for the legal services which he has actually performed on his former client's behalf.

As Auler points out, the *Rhoades* case involved a contingent-fee contract as opposed to a retainer contract. This distinction is not significant, since the same public policy considerations which underlie the *Rhoades* decision apply with equal force to contracts of the kind which Simon and Auler executed. A client who has executed a retainer contract and paid a substantial retainer fee to an attorney must be able to recover a portion of the retainer fee upon discharging the attorney after he had performed only a small amount of work. A contrary holding would seriously infringe upon the client's right to discharge the attorney at will and unjustly penalize the client for exercising that right. Permitting a previously retained attorney who has been discharged to keep a large sum of money in exchange for a small

amount of work raises a question of excessive fees. These considerations are relevant regardless of whether the client employs new counsel with respect to the same matter after discharging a retained attorney. See *In re Marriage of Pitulla* (1986), 141 Ill. App. 3d 956, 491 N.E.2d 90.

■ Auler contends the circuit court's statement, the retainer contract between Auler and Simon was "fair, reasonable and appropriate," distinguishes the present case from those in which fixed-fee contracts have been held unenforceable. The circuit court did find the Simon-Auler contract was "fair, reasonable and appropriate." However, it is apparent from the entirety of the circuit court's remarks that the court made this statement in the context of the expectations of the parties when they executed the contract—chief among which was Auler would file a dissolution of marriage action on Simon's behalf. It is apparent the circuit court considered the contract became unreasonable and unenforceable when Simon discharged Auler before he filed a dissolution of marriage action, an event which neither party contemplated when Simon retained Auler.

■ Auler is entitled only to reimbursement on a *quantum meruit* basis for services which he actually performed on Simon's behalf, so we must consider whether the circuit court's finding he was entitled to $1,000 for such services is contrary to the manifest weight of the evidence. The factors to be considered in determining the value of legal services pursuant to the theory of *quantum meruit* are: (1) the skill and standing of the attorney employed; (2) the nature of the cause and the novelty and difficulty of the questions at issue; (3) the amount and importance of the subject matter; (4) the degree of responsibility involved in management of the cause; (5) the time and labor required; (6) the usual customary charges in the community; and (7) the benefits resulting to the client. *Louisville, New Albany & Chicago Ry. Co. v. Wallace* (1891), 136 Ill. 87, 26 N.E. 493; *Greenbaum & Browne, Ltd. v. Braun* (1980), 88 Ill. App. 3d 210, 410 N.E.2d 303.

The parties stipulated that the reasonable value of Auler's services was $100 per hour "for work of this nature," and Auler admitted "the outside limit" of the amount of time he spent in performing work with respect to Simon's planned dissolution of marriage suit was 10 hours. Thus, the only one of the above factors in dispute at the bench trial was the benefits resulting to the client.

■ Auler contends Simon retained him because his representation of Simon might have persuaded her husband to agree to a settlement of their dispute on terms favorable to Simon. He further asserts the very fact he represented Simon was an important factor in bring-

ing about the reconciliation between Simon and her husband. Whether the above contentions are true was for the trier of fact to determine, and Simon's testimony does not support the conclusion they are true. Simon implied her reconciliation with her husband resulted from her learning how to better cope with her situation. In this context, perhaps Auler's advising Simon to seek counseling was an important factor in bringing about the reconciliation between Simon and her husband. However, this does not support Auler's contention that his being Simon's attorney persuaded her husband to reconcile with her on favorable terms. Furthermore, despite its possible importance in bringing about a favorable resolution of Simon's marital problems, this advice does not in itself clearly justify an award of compensation in excess of the $1,000 which the circuit court allowed Auler.

We find no error in the circuit court's decision, and affirm the judgment from which Auler appeals.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.