**In re Robert SHERIDAN, Debtor,**

**Bankruptcy No. 91 B 8998.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

April 24, 1996.

Brian L. Shaw, Ross & Hardies, Chicago, IL, for Debtor/Movant.

Todd L. Padnos, Schwartz, Cooper, Greenberger & Krauss, Chicago, IL, for Respondent.

## AMENDED MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

### INTRODUCTION

The law firm of Ross & Hardies ("R & H") represents the debtor. Before filing this case R & H received a retainer in the amount of $200,000. Most of the retainer was applied to services rendered before the bankruptcy, but about $93,000 remains unapplied.[1] Although this Court has entered a final order allowing R & H compensation of $206,502, the retainer balance has not been applied to any of the allowed fees; instead those fees have been paid from the estate. In addition to the services for which fees were allowed, R & H successfully defended the Debtor against a complaint to determine that a certain claim was non–dischargeable. R & H filed an application seeking recovery of $194,642.69 in fees incurred in defending that proceeding. On January 19, 1995, this Court determined that R & H was not entitled to compensation from the estate for fees incurred in defending the dischargeability proceeding. Now R & H is asking this Court to allow it to apply the retainer to the disallowed fees, contending that it is not and never was property of the estate. The committee objects to this request and argues that the retainer is property of the estate. This Court agrees that the balance of the retainer not applied to pre–bankruptcy services is property of the estate and denies R & H's request to apply the retainer to the disallowed fees.

### DISCUSSION

In a letter agreement with R & H dated February 14, 1991, the Debtor acknowledged payment of a $200,000 retainer and agreed to the following terms: 1) R & H would pay interest on the unused portion of the retainer; 2) R & H would charge for its services, and submit monthly statements, on an hourly–rate basis; 3) but R & H was entitled to treat the retainer "as income upon receipt," and, 4) nevertheless, the Debtor would be entitled to a refund of any portion left after R & H's actual fees had been covered. The key provision is as follows:

> The retainer is an advance payment for legal services to be rendered, and will be treated as income upon receipt. You will, however, be entitled to a refund of ... such portion of the retainer that is [in] excess of the fair value of the expenses actually incurred and the hours actually devoted to your matters.

The agreement also provided that R & H would bill and be paid any fees incurred after the retainer was fully applied.

█ The sole issue before this Court is whether the Debtor had an interest in the retainer at the time the petition was filed. If the Debtor had any interest in the retainer when the petition was filed, then the retainer is property of the estate and it may only be applied to fees approved by the court under § 330.[2] But if the retainer is solely R & H's property, R & H may apply it to payment for the services rendered for the Debtor's benefit that are not compensable under § 330.[3] A debtor's interest in property is to be determined by state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Both parties seek to apply the analysis set forth in *In re McDonald Bros. Const., Inc.,* 114 B.R. 989 (Bankr.N.D.Ill.1990), to determine whether the Debtor had an interest in the retainer at the time of the filing of the petition. In *McDonald Bros.* the court determined that there are three types of retainer agreements permitted by Illinois law: 1) a classic retainer; 2) a security retainer, and 3) an "advance payment retainer." Under both a classic retainer and what it characterized as an "advance payment retainer," the court

---

1. The unapplied balance of the retainer as of the petition date was approximately $90,000. With interest, the retainer balance is $93,720.51. That is the amount at issue here.

2. Unless otherwise indicated all statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq.

3. Generally, as this Court held in this case last January, the defense of a complaint to determine the dischargeability of a debt is not compensable by the estate. *In re Ryan,* 82 B.R. 929 (N.D.Ill. 1987).

determined that ownership of the money passed to the attorney at the time of payment.

The committee argues that the retainer here is a security retainer, under which the attorney holds the money as security for fees for future services. The retainer fund remains the client's property until it is applied to services rendered. *Id.* at 999. R & H, on the other hand, points to the language in the agreement that the "retainer is an advance payment for legal services to be rendered, and will be treated as income upon receipt." R & H argues that the retainer was therefore an "advance payment retainer," which is payment in advance for services that the attorney is expected to render.

*McDonald Bros.* decided that retainers similar to that involved here are permitted by Illinois law and do, indeed, become the attorney's property immediately upon payment. That court found no reason in the law governing attorney–client relations to refrain from applying ordinary principles of contract law to retainer agreements providing for payments on account of future services. As that court noted, however, the law in Illinois is not clear. The Illinois court decisions cited in *McDonald Bros.* deal with flat or fixed fees paid in advance, not payments on account of fees to be earned in the future and calculated on an hourly–rate basis. See *In re Kutner*, 78 Ill.2d 157, 35 Ill.Dec. 674, 399 N.E.2d 963 (1979); *Simon v. Auler*, 155 Ill. App.3d 1000, 108 Ill.Dec. 525, 508 N.E.2d 1102 (1987). *McDonald Bros.* also relied upon two advisory opinions issued by the Illinois State Bar Association ("ISBA") approving advance payment retainers under Rule 9–102 of the Illinois Code of Professional Responsibility, which, of course, are not binding authority on any court. ISBA Opinion No. 703, 11 (1980); ISBA Opinion No. 722, 16 (1981). *But see* ISBA Op. No. 90–10 (1991)("funds which are paid to the attorney as security for payment of fees or '*advance fees that have not been earned*' are not re-

tainers that are property of the lawyer. Such security or advances are property of the client to be deposited in the lawyer's trust account." (Emphasis added.)).[4] Several other bankruptcy courts, applying Codes of Professional Responsibility similar to that in effect in Illinois, have concluded that "advance payment retainers" are not recognized by state law. *See In re Doors And More, Inc.*, 127 B.R. 1001, 1002 n. 2 (Bankr. E.D.Mich.1991) (finding that under Michigan Rule of Professional Conduct 1.15(a), there is no distinction between a security retainer and an advance payment retainer); *In re Printing Dimensions, Inc.*, 153 B.R. 715 (Bankr.D.Md.1993) (recognizing only two types of retainers under Maryland law, the classic retainer and the security retainer). But nothing in the Illinois cases commands such a result here.

Given the uncertainty in the law, it is perhaps fortunate that this Court need not decide how this retainer would be treated under Illinois law. Rather, I hold as a matter of bankruptcy law that the unused portion of the retainer may only be applied to fees payable by the estate under § 330. However the retainer here may be characterized under Illinois law, the Debtor had rights with respect to that retainer when he filed this case. As a matter of bankruptcy law, those rights became property of the estate, and ceased to be property of the Debtor, at the commencement of this case.

State contract law principles establish that the Debtor had interests under the retainer agreement that became property of the estate upon the filing of the petition. The retention letter gave the Debtor the right to receive legal services from R & H and the right to a refund of any unearned balance of the retainer: The first interest gave the Debtor a right to the performance of legal services; the latter interest created a contingent claim. These interests became property of the estate upon the filing of the petition.[5] *See In re Lilliston*, 127 B.R. 119, 121

---

4. The nature of the "advance fees" referred to in the question answered by this opinion is not stated in any detail, so it is unclear whether the opinion pertains to retainers like the present one

or is limited to retainers expressly given as security.

5. So, for example, in the very unlikely event that this Court would not have authorized the reten-

(Bankr.D.Md.1991) ("[t]he nature of the Debtor's equitable interest in the retainer is to receive the services for which the retainer was paid, to have the retainer credited for payment of those services, and to receive a refund of unearned fees if counsel's representation is terminated"); *In re Ryerson,* 30 B.R. 541, 543 (9th Cir. BAP 1983) ("the fact that [the debtor's] interest in the termination payment [for commissions], on the date his petition was filed, was contingent on a future event does not affect its classification as property of the estate under section 541").

■ Property of the estate is broadly defined in § 541(a)(1) to include "all legal or equitable interests of the debtor." 11 U.S.C. § 541. Property of the estate, therefore, includes "any property made available to the estate by other provisions of the Bankruptcy Code ... [even] property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced." *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205, 103 S.Ct. 2309, 2314, 76 L.Ed.2d 515 (1983). Like the IRS in *Whiting Pools,* R & H is holding property that a trustee could use (by demanding a refund of the unused portion of the retainer if the estate does not utilize the services of R & H), and is required by § 542(a) or (b) to turn over that property or pay any claim. *Whiting Pools,* 462 U.S. at 205–201, 103 S.Ct. 2309, 2314; *Burnside Steel,* 90 B.R. at 945 n. 1.[6] Therefore, even though the Debtor did not have the money in its possession when the petition was filed, because the attorney

holding the retainer could be required under the Bankruptcy Code to return all or part of it, the Debtor retained an interest in the retainer which became property of the estate upon the filing of the petition.

## CONCLUSION

Accordingly, this Court finds that the Debtor had an interest in the retainer paid to R & H pre–petition that became property of the estate upon the filing of the case. R & H, therefore, has no right to apply the retainer to fees disallowed by this Court. The remaining retainer could, of course, be applied to fees payable by the estate under § 330. But it appears that all such fees in this case have been paid already with other estate assets. Therefore, R & H will be required to turn over the retainer balance to the estate.

An appropriate order will be entered.

---

tion of R & H, or that the Debtor as debtor in possession or R & H would have terminated the representation after the case was filed, the estate would have been entitled to a refund of all or part of the retainer.

**6.** Additionally, in *Whiting Pools* the Supreme Court suggested, but did not decide, that property recoverable under other provisions of the Bankruptcy Code, such as §§ 543 (property held by a custodian), 547 (preferences), and 548 (fraudulent transfers), is property of the estate under § 541(a)(1). *Id.* n. 10. This suggests that property recoverable under § 329(b) (under which excessive pre–petition legal fees are recoverable) is also property of the estate. The court in *McDonald Bros.* rejected this argument, concluding that the "potential for a return ... under Section 329", like the "potential for recovery of a fraudulent conveyance or preference under Sec-

tion 550," does not become property of the estate until the action is taken and the transfer is avoided. *McDonald Bros.* at 997; § 541(a)(3)(property of the estate includes "[a]ny interest in property that the trustee recovers under section 329(b) ... [or] 550"). Notwithstanding the suggestion in *Whiting Pools,* this Court agrees that until a retainer is recovered under § 329(b), it does not become property of the estate; at that time it becomes property of the estate under § 541(a)(3), not (a)(1). *But see In re C & P Auto Transport, Inc.,* 94 B.R. 682, 690 (Bankr.E.D.Cal.1988) ("a putatively nonrefundable or minimum payment is vulnerable to refund or adjustment under various provisions of the Bankruptcy Code.... These requirements are so substantial that a retainer received in connection with services to a bankruptcy estate or a debtor in possession must be regarded as property of the estate").